Spencer, Ch. J.,
delivered the opinion of the court. The only question arising on the case, is whether the plaintiff is entitled to recover 150 dollars or 34 dollars and 66 cents? This depends on the construction to be given to the 5th section of the act to prevent, horse-racing, (1 N. R. L. 223. 1 H'-c. Stat. 672.) and the second and third sections of the act to prevent excessive and deceitful gaming. (I .V. /’. L. 153. 1 R< r. Stat. 662. § 16.) The fifth section of the first, act declares every contract on account of any sum of money, or other thing, bet or staked, or depending on any horse-race, to be void in law; and it authorizes any person who may have paid any money, or other thing, upon the issue or event of any such race or game, to recover the same, as is provided in the second and third sections of the act to prevent excessive and deceitful gaming. The second section of the act referred to *162 authorizes every person who shall lose to any one or more persons so playing or betting, and shall pay or deliver the same, within three months next thereafter, to sue for and recover the money, or value of the thing so lost and paid and delivered, from the winner, with costs, by action of debt. Was the defendant the winner of the w'hoie 150 dollars, or of that part, only which he contributed towards the purse ? It appears that the plaintiff and defendant alone made the bargain to run the race, for a purse of 300 dollars, to wit, 150 dollars on a side. They, ostensibly, were the only persons who furnished the money, and deposited it in the hands of the stakeholder. It further appears, that the plaintiff knew, that several persons had contributed towards the bet on the defendant’s side; but it does not appear that he knew7 who the} were.
It seems to me that the defendant cannot be considered the winner of any more than the sum he actually gained by the event of the wager; no more ever came into his hands; the object of the statutes is to subject those who shall bet upon horse-racing to punishment, criminally, and, also, to avoid the contract, and place the parties in statu quo, as to all the moneys won or lost on the race. Nominally, the defendant won the 150 dollars furnished by the plaintiff, but, ¾ point of fact, he won only 34 dollars 66 cents. Both parties stand in pari de-licto ; neither have a claim to any peculiar favor or indulgence of the court; and if the defendant is compelled to refund his gains, it is all the plaintiff has a right to demand. In the case of Visscher v.. Yates, (11 Johns. Rep. 23.) this court looked beyond the mere form of laying the wager, and recognized the rights of those who had contributed to the fund, although they were not the ostensible persons who made the contract, or furnished the money to make the deposit.
Judgment for the plaintiff for 34 dollars 66 cents.