RICHMOND PRESTON v. JAMES HUTCHINSON.

*Confederates in gaming jointly and severally liable to the loser.*

Where two or more game with another under a secret agreement that they will divide among themselves whatever sums either of them win from him, they will be liable jointly and severally as *tort feazors* for whatever may have been won by, or paid to either of them.

In an action by the loser against either of the winners under such an agreement, he may recover not only that which was won by and paid to such winner, but also that which was won by or paid to such winner's confederates; and a judgment recovered against one of said confederates for the money so won is no merger of the losers cause of action, nor, while unsatisfied, a bar to his recovering it against any of the others.

ASSUMPSIT.  The declaration contained only the common money counts to which the defendant plead the general issue.  Trial by jury, November Term, 1856,— PECK, J., presiding.

The plaintiff's testimony tended to show that in December, 1855, the plaintiff and defendant, together with one Eager and one Ferris, played with cards and for money a game of hazard called "brag;" and that the plaintiff, at different times during said game, lost various sums of money, amounting in all to about two hundred and seventy-two dollars; that the defendant, from time to time upon that occasion, won and received of the plaintiff various sums of money, amounting in all to about the sum of one hundred and twenty-five dollars, and that the balance of the money was won by and paid to the said Eager and Ferris.

The plaintiff's testimony also tended to show a secret combination or copartnership, unknown to him at the time, between the defendant and Eager and Ferris, by which they were to, and did divide between them the money so lost by the plaintiff.

The defendant's testimony tended to show that the defendant did not win or receive of the plaintiff any more than the plaintiff subsequently, and upon the same occasion, won back and received from the defendant; that the defendant had, at the conclusion of the game, only eight dollars more than he had at the commencement; and that he had no connection or copartnership with the the said Eager and Ferris, or either of them, and that he had never accounted for or paid to them, or either of them, or they or either of them to him, any portion of the money so lost by the plaintiff.

The defendant also introduced the files and the record of a judgment, from which it appeared that on the same day that this suit was commenced, the plaintiff also commenced a suit against Ferris, demanding in damages the sum of two hundred and seventy-five dollars, which suit was made returnable to the March Term, 1856, of the Chittenden county court, at which Term the plaintiff recovered judgment against Ferris, by default, for one hundred and ninety-five dollars damages, which, it appeared, was for the same money, in part, for which this action was brought; and it also appeared that no part of this judgment had been paid.

It appeared from the testimony on both sides that in the game of " brag," if played honestly, each one should play for himself alone against all the others, and without any participation in either the losses or gains of either of the others.

The court charged the jury that if Ferris, Eager and the defendant were playing in concert with each other for their mutual benefit, with an understanding that they should divide between them the gains, they would be jointly liable to the plaintiff for all that either of them won and received of him under such agreement, deducting what the plaintiff won of them; and that, as the defendant had not plead the non-joinder of Eager and Ferris in abatement, the plaintiff was entitled to recover against the defendant the whole amount which was won by Eager, Ferris and the defendant, deducting what the plaintiff won of them, provided the jury should find that there was such a concert and understanding between them; but that unless they found that the money was won from the plaintiff under such an agreement, he could recover only what the defendant himself personally won.

The court also charged that the recovery against Ferris constituted, in law, no bar to a recovery by the plaintiff against the defendant for the full amount of the money lost.

To this charge the defendant excepted, and the jury returned a verdict for the plaintiff for the whole amount of his losses.

*E. R. Hard* and *J. French,* for the defendant.

I. The court erred in charging the jury that if they found a partnership in the game between the defendant, Eager and Ferris,

the defendant would be liable to the plaintiff for the whole amount won by Eager, Ferris and defendant, deducting what the plaintiff won of them.

The statute on which this action is founded gives a right of action only against the person who actually wins and receives the money *from the person loosing it.*

II. The court erred in charging that the judgment against Ferris constituted no bar to a recovery against the defendant for the full amount of the money lost.

If the court was correct in charging that the defendant was liable to the plaintiff for the whole amount won by Ferris, Eager and the defendant, (and if not, the judgment must be reversed under our first point,) it must be upon the ground that a partnership existed between them.   In law, the contract of partnership, so far as the remedy of third persons against the partners is concerned, is *joint,* and not joint and several.   And a judgment, though unsatisfied, against one of two or more *joint debtors,* is a bar to a recovery against the others upon the very obvious ground that whatever merges the debt as to one joint debtor, merges it as to all; 1 Chitty's Pl. 47 ; *Robertson* v. *Sweete,* 18 Johns. 459; *Olcutt* v. *Little,* 9 N. H. 259 ; *Smith* v. *Black,* 9 Serg. & R. 142 ; *Penny* v. *Martin,* 4 Johns. Ch. 566 ; *Consequa* v. *Willing,* 1 Pet. C. C. 301 ; *Downy* v. *Farmers' & Mechanics' Bank,* 13 Serg. & R. 288 ; *Ward* v. *Johnson,* 13 Mass. 148 ; *Thompson* v. *Emmett,* 15 Ill. (cited in 9 U. S. Ann. Dig. 345 ; Coll. on Part., secs. 756, 757, and note 3) ; *King* v. *Hoane,* 13 M. & M. 404 ; *Peters* v. *Sandford,* 1 Denio 224 ; *Pierce* v. *Kearney,* 5 Hill 86.

*Peck & Harvey* and *B. E. B. Kennedy,* for the plaintiff.

I. The defendant is severally liable for the amount won of the plaintiff.

The claim is in the nature of a claim for *tort,* both because the fact of winning was illegal, and because of the fraud practiced in the game.

II. The judgment against Ferris was not a bar, it not having been paid.

The opinion of the court was delivered by

REDFIELD, CH. J. This is an action to recover money lost in gaming. The jury have found that the defendant and two others played with the plaintiff under a secret agreement to divide the money won of him between them.

One important question in the case is, whether this defendant is liable for the money won by the confederates. We think he is. The statute, by enabling the party losing to recover back the thing lost, virtually makes the act of winning and taking the money or other thing, a wrong, a tort, so to speak, for which an action lies; and we think different persons, who act in concert in the matter, are to be treated like other tort feasors, and that all are principals and each liable for the acts of the others, and that they may be sued jointly or severally the same as in actions of tort. We should hesitate to say that there is any duty to join all upon the peril of losing a remedy against those omitted. This plea must rest upon the illegal contract which the court could only recognize so far as it operates against the party. It is more in strict analogy to a mere tort. It does not seem to be of any importance that all should have participated in the game. If they were confederates and laboring to a common end, this will be sufficient to create the liability, the same as in cases of conspiracy. The analogy of a commercial partnership seems to be a very imperfect one to illustrate the transaction. That of a band of pirates or robbers, is perhaps more in point, especially if we conceive a portion of the band to enter into a conspiracy to plunder one of their fellows. Although that would be a violation of the rules of such organizations, the law will not aid the suffering victim. But if a similar statute to the present existed in such a case for the relief of the loser, it would be a remarkable defense to say that each was only liable for the portion of the booty obtained by himself.

The liability is not, certainly, upon the ground of any agency conferred by one party upon the others, but upon the mere ground of the conspiracy to participate in 'the accomplishment of an unlawful act, and then divide the spoils. The division of spoils is of no importance except as evidence of the confederacy in the unlawful act, which makes not only the acts, but the declarations of each in regard to the common purpose, binding upon all the

others the same, precisely, as if done by himself; so that the money, although handed over to Ferris, was as much won by this defendant and paid to him, as to Ferris.

II. In this view of the case, it will be apparent that the judgment against Ferris is no merger of the cause of action. If the liability is several, a recovery against one is no bar to a suit against each of the others; Col. on Part., sec. 757 and note. If the liability is joint, a judgment against a portion of those jointly liable is a merger, unless perhaps in some excepted cases; 1 Greenl. Ev., sec. 533 and note ; Col. on Part., sec. 757 and note.

But in the present case, although the remedy is in form assumpsit, it is in fact a recovery for a tort, and we see no very obvious reason why the same rules shall not apply in regard to the recovery against Ferris as in actions of tort.

It seems to us that the attempt to construe the judgment against Ferris as a merger, can only rest upon the contract of confederacy or conspiracy to do the unlawful act. And this contract, while it is good against the parties, is not, as we have said, one upon which they can rely by way of defense. The liability is joint and several, not because of any agreement among the parties as in partnerships where a joint contract exists, but because the general principles of the law attach such a liability to all tortious acts, and render all accessories principals.

The charge, therefore, was one of which the defendant cannot complain.

Judgment affirmed.