# Motlow, *et al. v.* Johnson.

*Action to Recover Money Lost on Wager.*

(DECIDED DEC. 21, 1905, 39, So. 710.)

1. *Gaming; Liability of Contributors to Joint Funds.*—One who contributes to a fund placed as a bet on an election, and receives a part of the winnings proportioned to the amount contributed by him, is liable to the loser, under § 2163 of Code of 1896, for his winnings only, and is not jointly liable for the whole amount lost.
2. *Same; Recovery of Money Lost; Statutory Provisions.*—It is only by virtue of the statute, § 2163 of code of 1896, that one may recover money lost on a wager to another; and the object of the statute is, besides placing the seal of the law's condemnation on such contracts, to put the parties in *statu quo* as to all money won or lost.
3. *Same; Case at Bar.*—Under the facts of this case there can be no joint recovery, but each one is liable for the amount of the wager received by him.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Thomas L. Johnson sued Motlow and another jointly for money had and received lost by him on a wager to these defendants. The recovery in the lower court was joint, and the defendants appeal, and after severance assign errors severally and jointly. The facts sufficiently appear in the opinion.

LEE, LEE & LEE and GOODHUE & BLACKWOOD, for appellants.—The real question at issue is can Collier and Motlow, under the facts in this case be made jointly lia-

ble for the whole amount of the wager. If they are not jointly liable there is a fatal variance, and Johnson cannot recover.—*Cobb v. Keith,* 110 Ala. 614. The true principle is "Unless the winners have some agreement among themselves the loser can hold each for the amount lost to him only, and no more."—14 A. & E. Ency. Law, p. 672; *Zeilly v. Warren,* 17 John. (N. Y.) 122; *Latham v. Agnew,* 70 Mo. 48.

An examination of the statute, Sec. 2163, discloses the fact that the Legislature intended to provide an action—not in *tort*—*ex contractu* by means of which the loser might recover from the winner just what he had lost to the winner, and no more—to put the parties *in statu quo.*

Geogge D. Motley, for appellee.—Appellants are jointly and severally liable, both having a take out in the common winning.—14 Am. & Eng. Ency. of Law (2 Ed.) 626; *Betts v. Hillman,* 15 Abb. Pr. (N. Y.) 184; *McGrew v. City Produce,* 85 Tenn. 572. Where two or more game with another under a secret agreement that they will divide among themselves whatever sum either of them win from him, they will be liable jointly and severally as *tort feasors* for whatever they may win.—*Preston v. Hutchinson,* 29 Vermont 144; *Dunn v. Bell,* 85 Tenn. 581; *Triplett v. Seelbach,* 91 Ky. 30; *Thomas v. Griffin,* 1 Ind. Appeals, 457; *Commonwealth v. McAtee,* 8 Dana 58. All who share in winnings or have a take out are winners under the statute.—*White v. Wilson,* 100 Ky. 367. The affirmative charge was properly given for the appellee.—*Southern Bell, etc. Co. v. McTyer,* 137 Ala. 601.

DENSON, J.—Thomas L. Johnson and B. T. Collier made a bet of $750 a side on the result of the primary election held in Etowah county, April 11, 1904, to nominate candidates for state and county offices. The bet was made with reference to the result of the election as to probate judge. The money ($1,500) was placed in the hands of one Miller as stakeholder. Collier won the bet, and Miller turned the money over to him. Johnson, within the time provided by the statute (Code 1896, § 2163),

commenced this action against B. T. Collier and Spoon Motlow to recover the money lost on said bet. There was a judgment in the court below in favor of Johnson against the defendants for the amount, $750, besides interest. From that judgment this appeal was taken by the defendants.

The facts in brief are these: Collier made the bet with Johnson without disclosing the fact that any other persons were interested in it. The money bet by Collier belonged to other parties, he had no interest in it, but he "got a commission for placing the money," for making the bet. This commission was deducted from the winnings. Collier had $350 belonging to two other parties, whose names are not disclosed in the evidence, to bet on the election, and he got $400 more from Motlow. Motlow put in his $400 to make up the amount bet, $750. Collier never told Motlow who the other parties interested in the bet were, nor did he tell them that Motlow was interested in it. All parties knew that the bet was to be made by Collier on the election. And Motlow knew that Collier was not betting any of his (Collier's) own money. When Collier called on the stakeholder for the money, Motlow went with him. Collier paid Motlow, out of the $1,500 delivered to him by the stakeholder, $760, $400 to replace the $400 furnished by Motlow, and $360 represented Motlow's proportion of the winnings after allowing Collier $40 as commissions for making the bet. Thus Molow received of the winnings $360 net. The court, at the request of the plaintiff, in writing gave the general affirmative charge with hypothesis in his favor and refused like charges requested jointly and severally by the defendants.

The only question presented for determination here is whether or not the defendants were jointly liable to plaintiff for the $750. Irrespective of statute law this court has held that bets on the result of elections are void at common law as against public policy.—*Foreman v. Hardwick*, 10 Ala. 316. See, also, *Hickerson v. Benson*, 8 Mo. 8, 40 Am. Dec. 115; *Russell v. Pyland*, 2 Humph. 131 36 Am. Dec. 307; *Wheeler v. Spencer*, 15 Conn. 28; *Tarlton v. Baker*, 18 Vt. 9, 44 Am. Dec. 358; *Machir v. Moore*,

[Motlow, *et. al.* v. Johnson.]

2 Grat. 257; *Gregory v. King*, 58 Ill. 169, 11 Am. Rep. 56; *Vischer v. Yates*, 11 Johns. 23; *Allen v. Hearn*, 1 Term. 56. "The parties stand *in pari delicto*. Neither have a claim to any particular favor or indulgence of the court." And it is only by virtue of the statute that the plaintiff may recover money paid on the wager from any one. The statute (Code 1896, § 2163) provides that: "Any person who has paid any money, or delivered any thing of value, lost upon any game or wager may recover such money, thing or its value, by action commenced within six months from the time of such payment or delivery." The plaintiff and Collier alone made the bet on the election. They, ostensibly, where the only persons who furnished the money, and deposited it in the hands of the stakeholder. It does not appear that the plaintiff knew that any one was interested in the bet other than himself and Collier, nor does it appear that Motlow knew with whom Collier would bet before the bet was made. The theory, and the only theory, upon which the plaintiff may recover, even under the statute, is that the defendants have money belonging to the plaintiff which they have no right to retain. The object of the statute avoiding gaming contracts is, besides placing the seal of the law's condemnation on such contracts, to put the parties *in statu quo* as to all money won or lost. The only money lost by the plaintiff that ever went into the defendant Motlow's hands—that can be said to have been paid by the plaintiff to Motlow as money lost upon the wager—was $400 paid to him by Collier. Certainly if $400 was all the money won by Motlow, that was the extent of his interest in the bet. It would seem that the object of the statute would be carried out by holding, under the facts of this case, that the plaintiff may recover against Motlow for the amount received by him of the winnings, and that to hold that plaintiff may recover of the defendants jointly the whole amount lost would be allowing the plaintiff to recover of Motlow money that never was received by him, and such a judgment would not place or leave Motlow *in statu quo.—Zielly v. Warren,* 17 Johns. 192.

[Motlow, *et. al.* v. Johnson.]

The argument made by appellee's counsel and the theory upon which he seeks to maintain the joint recovery against the defendants is that there was a conspiracy between the parties defendant. Several authorities have been cited as supporting the argument and theory. The most pointed of the authorities cited is that of *Preston v. Hutchinson,* 29 Vt. 144. As will be discovered on examination of that case, the evidence showed a secret agreement between two gamblrs to play in common against an unsuspecting third party and to divide the winnings, whichever should win, between themselves; as suggested by appellant's counsel, "thus plucking a victim." Such an agreement shows not only an agreement to cheat, but shows a joint interest in all the winnings. The other cases cited by appellee's counsel were either under statutes which made all the winners jointly liable or the facts differentiate them from the case we have in hand. Here all that Motlow did was to contribute money to be used in a bet that would be made by Collier with another person not revealed to Motlow, and to receive winnings in proportion to the amount contributed by him.

We think we will conserve the purpose of the statute by holding under the facts of the case that the court erred in giving the affirmative charge asked by the plaintiff and in refusing that requested by the defendants. In other words, that the plaintiff was not entitled to maintain the action against the defendants jointly.

The judgment of the city court is reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and SIMPSON, JJ., concur.