# Motlow v. Johnson.

## Money Had and Received.

(Decided May 9, 1907.    44 South. 42.)

1. *Abatement and Revivor; Survival of Actions; Personal Action.*—
The action for money lost and paid on a wager under section 2163,
Code 1896, is a personal action within the meaning of section 35,
Code 1896, and survives to the administrator.

2. *Gaming; Recovery of Money on Wager; Interest.*—Interest on
money recovered under section 2163 Code 1896, lost and paid on a
wager is properly allowed from the date of its payment.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

See 145 Ala. 373, 39 South. 710.

Action by Thomas L. Johnson, prosecuted after his
death by M. B. Johnson, as executor, against Spoon
Motlow. From a judgment for plaintiff, defendant ap-
peals. Affirmed.

GOOBHUE & BLACKWOOD, for appellant.—This char-
acter of action does not survive.—Sections 35 and 38,
Code 1896; 6 Words and Phrases, page 5336; *Osborn
v. Fall River*, 140 Mass. 509. If this be true, the action
cannot be maintained.—*Willis v. Burns*, 106 Ala. 425.
Interest was not recoverable.—16 A. & E. Ency. of Law,
996; *N. Y. R. R. Co. v. Zumbah*, 12 Ind. App. 272; *Jean
v. Sandiford*, 39 Ala. 317; *Atchinson R. R. Co. v. Gab-
burt*, 34 Kan. 132; *Sageant v. Hampden*, 38 Me. 581;
*Houston R. R. Co. v. Jackson*, 62 Tex. 209; *Wade v. Mo.
Pac. R. R. Co.*, 78 Mo. 362; *Iron R. R. Co. v. Lawrence
Furn. Co.*, 49 O. St. 102; *Clay Co. v. Chickasaw Co.*, 64
Miss. 534; *Brentner v. Chicago R. R. Co.*, 68 Ia. 530;
*Smith v. Morgan*, 73 Wis. 375.

GEORGE D. MOTLEY, for appellee.—The revival in the name of the administrator was proper, as this is a personal action.—Sections 35 and 38, Code 1896. The court properly granted interest on the money from the time of its payment by Johnson.—*Comer v. Lehman*, 87 Ala. 262; *Motlow v. Johnson*, 145 Ala. 373.

DOWDELL, J.—This suit was commenced by Thomas L. Johnson against Spoon Motlow to recover money lost and paid by the plaintiff to the defendant on a bet or wager made on the result of a primary election held under the laws of this state. After the institution of the suit the plaintiff died, and the cause was revived in the name of Minter B. Johnson as executor, etc.

The first contention of the appellant, defendant in the court below, is that the action is not of the class that survives upon the death of the party, and therefore could not be prosecuted in the name of the executor; the theory being that the action is not one on a contract, express or implied, or a personal action, and therefore not within the provisions of the statute. We are of the opinion that this contention is without merit. Section 35 of the Code of 1896 provides as follows: "All actions on contracts express or implied, all personal actions except for injuries to the person or reputation, survive in favor of and against the personal representatives." The suit here was brought under the provisions of section 2163 of the Code of 1896, authorizing the recovery of money paid which was lost on a wager. The action is essentially a personal action, and manifestly does not fall within the exception mentioned in section 35.

The next contention is that interest on the money so lost and paid is not recoverable; the theory of the contention being that the suit is one for the recovery of a penalty. This contention, we think, is without merit.

There is nothing in the nature of a penalty in the case. It is true that, but for the statute, the suit could not be maintained; but no penalty or punishment is put upon the defendant. He is not required to part with that which belonged to him, but to return to the plaintiff that which he received from the plaintiff without any consideration. It is money which the law ex æquo et bono considers as belonging to the plaintiff.

The third and last contention of the appellant is that the evidence failed to make out a prima facie case in favor of the plaintiff, and therefore the court ought to have given the general affirmative charge as requested by the defendant. There was sufficient evidence from which the jury might reasonably infer that the money sued for was lost and paid on a wager, and that the defendant Motlow participated in the wager and received the money. The evidence authorizing such an inference, the general affirmative charge, requested by the defendant, was properly refused.

Other assignments of error on the record not being insisted on, we decline to consider them. The judgment appealed from will be affirmed.

Affirmed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.