# Johnson *v.* Collier.

## *Damages for Selling Exempt Property.*

(Decided Feb. 18, 1909.   Rehearing denied April 7, 1909.
49 South. 761.)

1. *Action; Contract or Tort.*—A complaint claiming for money had and received in one count, and in the other to recover money lost or paid on a wager is ex contractu, since the only basis for the action is that given by the statute, the cause not arising out of a tort, or no remedy being given for the tort.

2. *Exemptions; When Allowed.*—Exemptions may be claimed against a judgment founded upon a complaint for money had and received, or for money lost and paid on a debt or wager.

3. *Same; Damages; Defense.*—Where the action is for taking exempt property into the possession of a judgment creditor under an execution against the judgment debtor and selling same, it is no defense that the debtor subsequently made a conditional contract of sale of the property, since the taking was a trespass against the possession of the debtor which could not be excused by a subsequent sale by him of the property.

4. *Same; Damages; Evidence.*—Where the action is for damages for selling exempt property under execution, the fact that the officer sold the property when he knew that he had no right to do so, or if he sells it in disobedience to the express mandate of the statute, that is sufficient from which to imply malice, for the purpose of awarding exemplary damages.

5. *Damages; Pleading; Necessity for Claiming Exemplary Damages.*—When justified by the evidence, exemplary damages may be awarded although not specifically claimed in the complaint.

6. *Witnesses; Examination.*—Where it appeared that the amount received from the sale of the property was not sufficient to pay the execution, and the action was for damages for selling exempt property under the execution, the refusal to allow the plaintiff to state whether or not he had authorized defendant's bookkeeper to credit the judgment against plaintiff with the surplus and pay the balance to plaintiff, was not error, since the question is apparently meaningless.

(McClellan, J., dissents.)

APPEAL from Gadsden City Court.

Heard before Hon JOHN H. DISQUE.

Action by B. T. Collier against T. L. Johnson and the sheriff and his official bond, in trespass for selling exempt property.   From a judgment for plaintiff, defendants appeal.   Affirmed.

The facts in the case are that T. L. Johnson, who has since died, recovered of B. T. Collier a sum of money lost on a wager, under a complaint for money had and received and a special count for money received on a bet or wager. Under this judgment, and at the procurement of the plaintiff, execution was issued against Collier and by the sheriff levied upon certain personal property belonging to Collier, less in value than $1,000. Collier filed his claim of exemptions to the property levied on, and lodged it with the sheriff, and requested that the levy be discharged. No contest of the claim was filed by plaintiff in execution, and the sheriff, disregarding the exemptions, proceeded to sell the property under the execution, after notice being given at the time of the sale of the fact that the property was claimed as exempt and that the claim had been filed and lodged with the sheriff. The plaintiff became the purchaser at the execution sale. There was judgment for Collier in the sum of $1,500, and the value of the property sold was variously estimated at from $500 to $750.

GEORGE D. MOTLEY, and J. M. CHILTON, for appellant. —The property was subject to levy under execution because no claim was filed in the probate office.—*Mitchell v. Corbin,* 91 Ala. 599. This being true, the original taking was not a trespass and the subsequent conversion of the property will not make the defendant liable in this action.—*Henderson v. Marks,* 57 Ala. 169; *Davis v. Young,* 20 Ala. 155; *Mitchell v. Corbin, supra.* If a debtor demands and receives a surplus from the sale of his property he is estopped to claim damages from the officer seizing it.—18 Cyc. 1456. Where a statute provides for the recovery of a wager lost upon any game of chance, exemptions cannot be claimed against it.—18 Cyc. 1387; *State v. Morgan,* 160 Ind. 474. The constitu-

tional and statutory right of exemption extends only to debts contracted.—*Crawford v. Slayton,* 133 Ala. 383; *Williams v. Bowdoin,* 69 Ala. 433; *Meredith v. Holmes,* 68 Ala. 190; *Randolph v. Brown,* 115 Ala. 677; *Schuessler v. Dudley,* 80 Ala. 547; *Dandix v. Lunford,* 112 Ala. 403; *Randolph v. Little,* 115 Ala. 677; *Stoddard v. Burt,* 75 Wis. 107. The sheriff has no power to pass on the sufficiency of the claim of exemptions and may disregard it in an execution on a judgment based on a tort. —*Kennedy v. Smith,* 99 Ala. 83; *Bryan v. Kelly,* 85 Ala. 569. Appellee having placed the property in the custody and control of Mrs. Lewis, who was in possession of the same at the time of the sale cannot recover either in trespass or trover.—*Johnson v. Wilson,* 137 Ala. 468; *Cook v. Thornton,* 109 Ala. 523. The property was in gremio legis by being in the bankrupt court, and hence, trespass will not lie.—*Harmon v. McRae,* 91 Ala. 401. A joint trespass is charged and must be proven. It cannot be sustained by proof of separate trespass.—*Carleton v. Henry,* 113 Ala. 636; *Sparkman v. Swift,* 81 Ala. 231; *Huxey v. Nadine,* 123 Fed. 379; *Burnham v. Webster,* 5 Mass. 266. The elements making up the facts authorizing the recovery of exemplary damages should be stated in a complaint.—*Snedicor v. Pope,* 143 Ala. 275; *Irby v. Wilde,* 42 South. 574; *City Nat. Bank v. Jeffries,* 73 Ala. 181; *Fale v. Pressley,* 50 Ala. 342. Advice of counsel was had, and hence, exemplary damages were not recoverable.—*O'Neal v. McKenna,* 116 Ala. 618; *Garrett v. Sewell,* 108 Ala. 521; *Alley v. Daniels,* 75 Ala. 403.

Goodhue & Blackwood, and Bilbro, Inzer & Stephens, for appellee.—In a proper case, a debtor may recover exemplary damages for a wrongful seizure of his exempt property.—12 A. & E. Ency of Law, 264; 18 Cyc.

1495; *Madison v. Monroe,* 80 Minn. 240; *Stone St. v. Campbell,* 62 Pac. 249. In such a case an execution plaintiff is liable with the officer if he acts oppressively or maliciously, or with knowledge that the property is exempt.—*Cronfeldt v. Arrol,* 50 Minn. 327; 36 Am. St. Rep. 638. Where an attorney is interested in the subject matter of the suit, the opinion of such an attorney is not admissible in excuse or mitigation.—1 A. & E. Ency of Law, 905; *White v. Carr,* 71 Me. 557; *Watt v. Corey,* 76 Me. 87. See also on the question of exemplary damages.—*Alley v. Daniel,* 75 Ala. 408. By the abuse of process in his hands, a sheriff becomes a trespasser ab initio.—*Burton v. Calloway,* 20 Ind. 469; *Brackett v. Vining,* 49 Me. 356; *Barrett v. Lightfoot,* 1 C. M. Monroe, 341. The property was exempt from sale under the execution.—*Meech v. Schooner,* 19 N. Y. 26; *Motlow v. Johnson,* 44 South. 42. That exemplary damages are recoverable.—see *Alley v. Daniel,* supra, and *Wilkerson v. Searcy,* 76 Ala. 176. A ratification relates back to the date of the unauthorized act, so as to constitute the principal a trespasser ab initio.—*Burns v. Campbell,* 71 Ala. 290.

DOWDELL, J.—The first question for our consideration in this case is whether a claim of exemption can be made to personal property levied on under execution issued upon a judgment based on a complaint for money lost on a wager. The answer to this question involves the determination of the character of the action in which the judgment was rendered, whether in tort or contract. In the present instance the judgment on which the execution was issued was founded on a complaint containing a count for money had and received, etc., and a special count declaring for so much money lost by the plaintiff on a wager.

The count for money had and received is unquestionably in indebitatus assumpsit and hence an action ex contractu. The special count to recover back money lost and paid on a wager on the principle stated in *Motlow v. Johnson*, 151 Ala. 276, 44 South. 42, wherein it was said, "It is money which the law ex equo et bono considers as belonging to the plaintiff," is essentially of the same nature, and therefore an action ex contractu. The provisions of the Constitution and statute relating to exemptions are not confined to debts arising out of express contracts, but extend also to such as arise out of implied contracts. This is a proposition of law too well settled to admit of any dispute. We are clearly of the opinion that Collier, the defendant in execution, could set up his claim to exemptions under the levy, and, if contested, was entitled to a hearing on such contest as provided by the statute. It was the duty of the sheriff under the law when the claim of exemptions was made, if no contest of such exemptions was filed as provided by the statute (section 2047 of Code 1896), to discharge the levy. If a contest was filed, then it was the sheriff's duty under the statute section 2050, Code 1896, to have returned the process and other papers to the court to which the process was returnable, accompanied with a full statement of the facts.—*Kennedy v. Smith*, 99 Ala. 83, 11 South. 665.

The sheriff, in disregard of the duty imposed upon him by the statute, proceeded to sell, and did sell, the property levied on, and which was claimed as exempt. This was an abuse of process, and by such abuse of process he rendered himself a trespasser ab initio. When the claim of exemptions was lodged with the sheriff, he had the right to look to the judgment upon which the execution was issued and to the complaint upon which the judgment was based, and it was his duty to do so,

[Johnson v. Collier.]

to determine whether under the law on the face of the record the defendant in judgment and execution was entitled to claim exemption, but beyond this the sheriff would not be authorized to go to determine the defendant's right to claim. We are not to be understood as deciding that the right to exemptions under execution is to be tested solely by the mere form of the action, but rather by the cause of the action as shown in the complaint. An action of debt which is an action ex contractu is a proper remedy to recover a penalty; yet the claim of exemptions as against an execution on such a judgment could not be asserted. We understand the law to be if the cause of action, the foundation of the judgment, arises out of a tort, a claim of exemptions would not be available as against such judgment.

In the instant case the judgment was based upon a complaint which we think is ex contractu, and not ex delicto. It is true that both the plaintiff and defendant in making a wager on the election violated a criminal statute which subjected both to a prosecution. That, however, is not the cause of action declared on here. But for the statute which authorizes the recovery by action at law of money lost on a wager the plaintiff would have no right of action. The cause of action does not arise out of a tort. Could it be said that, when the defendant received the money voluntarily paid over to him by the plaintiff on the wager, he, the defendant, was guilty of any tortious act towards the plaintiff? We think not. The cause of action not being for penalty, nor arising out of a tort, but for money which the plaintiff paid the defendant on a void contract, and which the law says he may recover back, and which might be recovered in action for money had and received as if upon an implied promise to pay, we are unable to see why the right of claim to exemptions may not be asserted against levy

14—161

under a judgment in such a case. It is not disputed that the plaintiff here was in the possession of the property at the time of the levy and seizure, and it is therefore immaterial that he subsequently made a conditional contract of sale of it to Lewis. The sheriff being unable to justify under the process by reason of its abuse, he was a trespasser under the law when he seized the property. The plaintiff had the possession, and the trespass was necessarily against his possession. The case of *Davis v. Young*, 20 Ala. 155, is not opposed to the above views. The facts in that case differentiate it from the present case. "It is equally well settled that when property is subject to levy, but the debtor has a right afterwards to claim and select a part or all of it as exempt and to have the same set apart for him, the officer is liable as a trespasser ab initio if he denies him this right and proceeds to sell the property notwithstanding a valid claim. Trespass is also a proper form of action to recover damages from a creditor who directs or otherwise participates in a wrongful seizure and sale of exempt property."—12 Am. & Eng. Ency. Law (2d Ed.) p. 252. There was evidence which tended to show, and from which the jury were authorized to find, that the officer knew that he was selling exempt property, and in disregard of the debtor's claim of exemptions, and also evidence tending to show that Johnson, the creditor, participated in this action of the officer.

It is not necessary to a recovery of exemplary damages that they should be specially claimed in the complaint.—*Wilkinson v. Searcy*, 76 Ala. 176. On the question of exemplary damages, it was said by this court in *Alley v. Daniel*, 75 Ala. 403: "Malice may be implied for the purpose of awarding exemplary damages if it appears that the officer sold the property when he knew that he had no right to do so." If the evidence of the

[Johnson v. Collier.]

plaintiff in this case is to be believed there can be no doubt under the law that the act of the officer in selling the property was in disobedience of the imperative mandate of the statute and from which malice may be implied for the purpose of awarding exemplary damages.

But it is urged by the appellant that the officer acted under the advice of counsel, and that, if he acted in good faith under the advice of counsel, he should not be held for exemplary damages. Waiving consideration of the fact that counsel whose advice the officer relied on was also counsel for the plaintiff in execution, it appears from the record that the question of the bona fides of the officer was by the trial court fairly submitted to the jury, and there is nothing in this respect of which appellants have any reason to complain.

In the course of the trial the defendant asked the plaintiff, who was being examined as a witness, the following question: "Did you authorize Walter Martin, the bookkeeper of M. B. Johnson, to credit the judgment against you in favor of M. B. Johnson as executor of T. L. Johnson, deceased, with the surplus and pay the balance to you?" An objection by the plaintiff was sustained by the court to this question. It does not appear from the record to what surplus the question had reference. The proceeds of sale of the property in question were insufficient to satisfy the judgment on which the execution issued, and hence there could be no surplus in that instance to which any reference could be had. The trial court will not be put in error on appeal for sustaining an objection to a question apparently meaningless. If the question had reference to a surplus arising out of some other transaction than the sale of the property claimed as exempt, we are unable to see the relevancy of it.

We find no reversible error in the record, and the judgment will therefore be affirmed.

Affirmed.

SIMPSON, ANDERSON, MAYFIELD, and SAYRE, JJ., concur.

McCLELLAN, J. (dissenting). The liability of the defendant in this action is controlled by the inquiry whether the winner of a wager may claim his exemption against the enforcement of the recovery thereof by the loser. In my opinion the policy of our statute denies the right. That policy is thus aptly stated by Denson, J., in *Motlow v. Johnson,* 145 Ala. 376, 39 South. 711. "The object of the statute avoiding gaming contracts is, besides placing the seal of the law's condemnation on such contracts, to put the parties in statu quo as to all money won or lost." This policy is emphasized by the provision that the recovery may be effected for the use of the loser's wife or children or next of kin. Code 1907, § 3339. In view of the stated policy, suggested by the highest moral considerations, it seems impossible to me that the right to defeat by claim of exemptions the recovery, plainly provided for, should stand on the same footing, be treated with the same favor, as the ordinary obligation to satisfy the demands arising out of a contract, express or implied. If this favor is extended, the winner in the wager may flaunt in the face of the wife or children of the loser the sum won and which he secured by a violation of the penal statutes of the state. The form of the action, debt, cannot influence the conclusion.—*Crawford v. Slaton,* 133 Ala. 393, 31 South. 940, and authorities cited therein, afford a serviceable analogy, for there can be no distinction in principle between a case where the law declares the pen-

alty recoverable and one where it declares that the money or thing of value received in violation of law may be recovered.

This consideration is conclusive, to my mind, that my Brothers are in error. If the thing lost at a wager be a chattel, a horse for instance, and the loser institute, as he may, detinue for its recovery, the defendant (the winner) could not claim any exemption in the premises, either as to the costs incurred or against the enforcement of judgment for the alternate value if the horse was not to be had. If this is true, then we have the anomaly of one loser being defeated in the recovery of money wagered and another, whose loss was a horse, successful in his action, because of the mere difference in the character of the thing wagered. A construction leading to such contradictory results must be unsound. The statute makes no distinction. Should we by construction create one in opposition to the plain terms of the statute?