79 So.2d 421 (1955)
Betty M. TOOLEY, Appellant,
v.
Rhoda MARGULIES, Appellee.
Monroe WEILER, Appellant,
v.
Rhoda MARGULIES, Appellee.
Monroe WEILER and Raymond Reed, Appellants,
v.
Rhoda MARGULIES and Sidney Margulies, her husband, Appellees.
Supreme Court of Florida. Special Division A.
April 6, 1955.
John E. Porte, Miami Beach, and L.J. Cushman, Miami, for appellant.
Dixon, DeJarnette, Bradford & Williams, Charles A. Kimbrell and Warren D. Hamann, Miami, for appellees.
KANNER, Associate Justice.
These cases arose out of an intersectional collision of automobiles. They were consolidated for trial.
Betty M. Tooley and Monroe Weiler, appellants, who were guest passengers in the automobile driven by appellant Raymond Reed, sought to recover damages from Rhoda Margulies, appellee. The appellee, Rhoda Margulies, sought damages against the appellant, Raymond Reed, and Reed counterclaimed for damages against the appellee. As basis for recovery of *422 damages, each charged negligence in the operation of an automobile. The jury found for the appellee in the cases brought by Betty M. Tooley and Monroe Weiler. The jury returned a verdict in the amount of $1,500 in appellee's case against the appellant Reed. Judgments were entered on the verdicts; the appeal is from such judgments.
It is urged by the appellants, Betty M. Tooley and Monroe Weiler, that the appellee was guilty of negligence which proximately caused or contributed to cause the collision, and consequently as a matter of law they were entitled to a verdict against the appellee on the issue of liability; and it is urged by the appellant, Raymond Reed, that under all the evidence he was entitled to recover against the appellee, but that in any event he was not liable in damages because, even if he was guilty of negligence, the appellee was equally guilty of negligence which caused or contributed to cause the collision.
On January 5, 1953, the appellant, Raymond Reed, was driving his Cadillac automobile in a westerly direction on 15th Street in the City of Miami Beach with the appellants, Betty M. Tooley and Monroe Weiler, as guest passengers. Their ultimate destination was the Tropical Race Track. The appellee, Rhoda Margulies, was driving alone in a De Soto automobile, proceeding in a southerly direction on West Avenue. When these vehicles reached the intersection of 15th Street and West Avenue at approximately one o'clock P.M., there occurred the accident out of which these cases arose.
West Avenue, which runs north and south, is a "through street;" while 15th Street, running east and west, has "stop signs" at West Avenue.
The testimony is conflicting in material aspects. To demonstrate: appellants testified that the Cadillac automobile was completely stopped at the stop sign before starting across the intersection, while for the appellee, it was testified that the Cadillac automobile did not stop; it was testified on behalf of appellants that the Cadillac car was not speeding, while witness for the appellee testified that he saw the car speeding on 15th Street; it was testified on behalf of appellants that no alcohol could be detected on the breath of the appellant Reed, while witness for appellee testified he smelled whiskey on the breath of appellant Reed, the driver of the Cadillac car; appellants testified that appellee drove the De Soto automobile into the Cadillac, while appellee testified that it was the Cadillac car that ran into and struck the De Soto automobile which she was driving.
The evaluation of conflicting testimony is properly a jury function, and it is the province of the jury to pass upon the credibility of the witnesses and to appraise the weight of the evidence. It thus clearly appears that the nature of the conflicting testimony here concerned created a jury question for determination of who was at fault. The contentions of the appellants are therefore untenable.
Under the evidence adduced, the jury agreed with the appellee's position taken during the trial that the sole proximate cause of the accident was appellant Reed's negligence in running the stop sign, together with other contributing circumstances. A "stop sign" established and maintained by lawful authority on a street or highway is a proclamation of danger and the duty of an automobilist approaching a street or highway intersection, where there is a stop sign from a less favored street, is to stop and look.
The contention is made by the appellant, Raymond Reed, in the case brought by the appellee, Rhoda Margulies, against him that the court erred in that it refused to charge upon the issue of contributory negligence. It was not pleaded; no prejudicial error was committed by the court in refusing to give such charge.
Appellants further contend that the refusal by the court to give certain charges requested deprived appellants of a material right in the presentation of their case. A review of the charges given by the court *423 plainly shows that the issues were clearly defined and that such issues were adequately covered and comprehended by the court's instructions. The trial court committed no error in declining to give these particular charges.
When the record is considered and weighed in its entirety, no harmful error is made to appear. The judgments appealed from are hereby affirmed.
Affirmed.
MATHEWS, C.J., and TERRELL and SEBRING, JJ., concur.