173 So.2d 790

**Jerol Johnny JOHNSON**

v.

**Sara L. SEXTON.**

**4 Div. 157.**

Supreme Court of Alabama.

April 8, 1965.

628

Fleming & Stephens, Elba, for appellant.

Rowe & Lane, Elba, for appellee.

LAWSON, Justice.

This is an action for damages claimed to be the result of negligence and wanton conduct of the defendant in operating an automobile which was in a collision with an automobile being driven by the plaintiff.

To the counts charging simple negligence the defendant pleaded the general issue and contributory negligence and to the count charging wanton conduct the defendant pleaded the general issue.

There was a jury verdict in favor of the plaintiff in the amount of $8,000. Judgment was in accord with the verdict. Defendant's motion for new trial was overruled. He has appealed to this court.

The defendant contends that the trial court erred in refusing to give affirmative instructions requested by him as to the wanton count.

In considering the question as to whether there was evidence from which the jury could find for the plaintiff on the wanton count, we must consider the evidence most favorable to the plaintiff. Buchanan v. Vaughn, 260 Ala. 482, 71 So.2d 56, and cases cited.

The collision occurred on Alabama Highway 125 at about 6:30 P.M. on the evening of May 15, 1961, in the village of Victoria in Coffee County. Highway 125 at the point where the collision occurred runs

generally in a northeasterly-southwesterly direction. The plaintiff was driving a Simca automobile in a southwesterly direction. The defendant was driving a Pontiac in a northeasterly direction. The two automobiles collided on the highway.

Evidence for the plaintiff would support a finding that she was driving her automobile at a moderate rate of speed in the lane designated for traffic moving in a southwesterly direction. She saw an automobile approaching her at a rate of speed which she estimated to be about seventy miles an hour. The driver was looking over his right shoulder and appeared to be talking to someone on the back seat. When that automobile, driven by the defendant, got within 125 feet of her automobile it came across the center line from the lane designated for traffic moving in a northeasterly direction into the lane in which plaintiff was driving her automobile and continued to move in that lane until it hit plaintiff's automobile. Aside from plaintiff's testimony as to how the collision occurred, there was evidence to the effect that debris was found after the collision in the lane of traffic in which plaintiff's automobile was being driven, indicating that the point of impact was in the lane designed for traffic moving in a southwesterly direction. The evidence also supports a finding that defendant had traveled the road in question on previous occasions and was familiar with the location of the village of Victoria. The road at the point of collision was straight and dry and visibility was not impaired by darkness.

Wantonness has been defined as the conscious doing of some act or the omission of some duty while under knowledge of existing conditions and while conscious that, from the doing of such act or the omission of such duty, injury will likely or probably result, and before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the result. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505; Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277.

Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on the disaster. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Rainey v. State, 245 Ala. 458, 17 So.2d 687; Blount Brothers Construction Co. v. Rose, 274 Ala. 429, 149 So. 2d 821.

Defendant cites the case of Law v. Saks, 241 Ala. 37, 1 So.2d 28, but the facts of that case differ so widely from the instant case as to render it ineffective here.

In this case the jury could find that the defendant knew he was in a village or town where traffic is to be expected, but continued at a speed of seventy miles an hour without keeping a lookout for traffic, and was thereby conscious that such acts would likely or probably result in injury, and that he proceeded with reckless indifference to the consequences.

The evidence, if believed, made out a case of wantonness and the affirmative charge as to this count was properly refused. Brown Hauling Co. v. Newsome, 241 Ala. 300, 2 So.2d 782.

Assignments of error 2 and 3 are insufficient. They do not allege error by the trial court in any respect. Only adverse rulings of the trial court are subject to an assignment of error on appeal from a judgment in a civil case based on a jury verdict. Iverson v. Phillips, 268 Ala. 430, 108 So.2d 168, and cases cited.

In any event, we are clear to the conclusion that no reversible error is made to appear in connection with the trial court's action in denying defendant's motion for mistrial because of the alleged prejudicial conduct of the plaintiff in the presence of the jury. When it was called to the attention of the trial court during the opening argument of counsel for plain-

·tiff that she .was "shedding .tears" while sitting at counsel table; the trial court admonished the· jury not ·to give any consideration to this emotional outburst on the part of plaintiff. We feel· ·that this admonition of the court was altogether ade-quate to . remove any prejudicial effect which. the plaintiff's conduct ·might have .had on the jury. See ·Lee v. State, 265 Ala. 623, 93 So.2d 757.

· · The judgment is due to be affirmed. It is ·so ordered.

Affirmed.

· · LIVINGSTON, C. J., and GOODWYN· and .COLEMAN, JJ., concur.