181 So.2d 101

Clidie Payne **LEWIS**

v.

**R. B. ZELL.**

6 Div. 24.

Supreme Court of Alabama.

Dec. 16, 1965.

34

London, Yancey, Clark & Allen, Birmingham, for appellant.

D. G. Ewing and Jas. C. Manning, Birmingham, for appellee Zell.

Davies, Williams & Wallace, Birmingham, for Motors Ins. Corp.

LAWSON, Justice.

R. B. Zell brought this suit in the Circuit Court of Jefferson County against Clidie Payne Lewis. Zell's amended complaint contained two counts. Count One was based on negligence and Count Two charged wantonness. In both counts the plaintiff sought to recover for expenses incurred by him in the treatment of injuries sustained by his minor daughter, Margaret Katherine Zell, which resulted from a collision of plaintiff's automobile, which

was being driven by Margaret, and an automobile driven by the defendant. In both counts the plaintiff also sought to recover for the loss of his daughter's services and companionship, for the damage done to his automobile, and for the expense he incurred in hiring an automobile while his was being repaired.

Motors Insurance Corporation was the collision insurance carrier on the automobile of the plaintiff, R. B. Zell, and paid him the sum of $861.37 for the damage which his automobile sustained as a result of the collision. After R. B. Zell filed his suit, Motors Insurance Corporation filed its petition to intervene as a party plaintiff in order to claim its damages from the defendant. The petition to intervene was granted and Motors Insurance Corporation filed its complaint, which contained only one count, wherein intervenor claimed damages from the defendant on the charge of negligence. In its amended complaint, the intervenor claimed $861.37 from the defendant.

The defendant pleaded the general issue in short by consent in the usual form.

There was a verdict in favor of the plaintiff, R. B. Zell, in the amount of $3,500 and a verdict for the intervenor in the sum of $861.37. Judgments followed the verdicts.

The defendant filed a motion for new trial wherein she asserted error by the trial court as to the judgment of $3,500 in favor of the plaintiff, R. B. Zell. No mention was made of the verdict and judgment in favor of the intervenor.

The motion for new trial was overruled. The defendant below appealed to this court from the judgment rendered against her in favor of the plaintiff, R. B. Zell. Notice was given the intervenor in compliance with § 804, Title 7, Code 1940, and intervenor has filed a brief in this court.

The defendant contends that the trial court erred in refusing to give the general affirmative charge with hypothesis as to the wanton count duly requested in writing by her.

In considering the question as to whether there was evidence from which the jury could find for the plaintiff on the wanton count, we must consider the evidence in the light most favorable to the plaintiff. Johnson v. Sexton, 277 Ala. 627, 173 So.2d 790.

The collision occurred at the intersection of 19th Street South and 29th Avenue South, at about 5:00 P.M. on the afternoon of Sunday, December 11, 1960. 19th Street runs north and south, while 29th Avenue, a main thoroughfare in the City of Homewood, at the point of collision runs east and west, although it is a link in that part of U. S. Highway 31, which runs generally in a northerly and southerly direction between Birmingham and Montgomery. There was a traffic signal light at the intersection, which the evidence tends to show is located in a prominent and busy section of Homewood. The City Hall is on the southeast corner of the intersection; on the northeast corner is a bank or building and loan association building; on the southwest corner is an eating establishment; and on the northwest corner a newspaper building. It is without dispute that just prior to the collision the automobile of plaintiff, which had been proceeding in a northerly direction on 19th Street, was stopped by its driver, plaintiff's daughter, awaiting the traffic signal light facing her to turn green. After that light turned to green, plaintiff's automobile was driven across the intersection at a speed of about ten miles an hour and it had reached the northernmost of the four lanes on 29th Avenue when it was hit by the automobile being driven by the defendant in a westerly direction on 29th Avenue. In brief filed in this court on behalf of the defendant below this statement appears: "At the time of the accident, the light was green for the plaintiff's driver and red for the defendant." 29th Avenue is straight and

level for two blocks and a driver proceeding in a westerly direction on that avenue can see the intersection for a distance of two blocks away. The traffic signal light is situated fourteen feet above the center of the intersection. After the collision the defendant told an investigating officer that she "ran the red light."

There were automobiles behind that of the defendant which were moving in a westerly direction on 29th Avenue, and at least one automobile which had been moving in that direction had been brought to a stop in compliance with the signal light at the time the plaintiff's daughter drove his automobile into the intersection. There were automobiles approaching the intersection from the west. And at least one other automobile was stopped on 19th Street behind plaintiff's car awaiting the green signal light.

■ Wantonness has been defined as the conscious doing of some act or the omission of some duty which under knowledge of existing conditions and while conscious that, from the doing of such act or the omission of such duty, injury will likely or probably result, and before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the result. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505; Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277; Johnson v. Sexton, supra.

■ Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on the disaster. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Rainey v. State, 245 Ala. 458, 17 So.2d 687; Blount Brothers Construction Co. v. Rose, 274 Ala. 429, 149 So.2d 821; Johnson v. Sexton, supra; Graves v. Wildsmith, 278 Ala. 228, 177 So. 2d 448.

In the brief of appellant, the defendant below, it is said: "The appellant did not testify, so there is no evidence as to whether she had ever been on the highway before; her familiarity with the intersection; whether or not she saw the traffic light, or for that matter, even knew a traffic light was there." The defendant did not testify; in fact, no witness was called on her behalf. There is no evidence going to show that the defendant had ever been on 29th Avenue before or that she was familiar with the intersection. But, in our opinion, the statement made by the defendant to the investigating officer after the collision to the effect that she "ran the red light" tends to show that she was aware of the presence of the traffic signal light and that she saw it and consciously proceeded across the intersection with a red light, a stop signal, staring her in the face.

Since there was no direct evidence going to show that the defendant below had ever traveled on 29th Avenue before the time of the collision or was familiar with the intersection, she insists that the trial court erred in submitting the wanton count to the jury because we have said that there can be no wanton injury without a knowledge of conditions which make the act causing it likely to result in injury and a consciousness of the danger. Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556; Birmingham Electric Co. v. Turner, 241 Ala. 66, 1 So.2d 299; Alabama Power Co. v. Dunlap, 240 Ala. 568, 200 So. 617; Bradley v. Johnson, 212 Ala. 330, 102 So. 710.

■ But knowledge need not be shown by direct proof. It may be made to appear, like any other fact, by showing circumstances from which the fact or actual knowledge is a legitimate inference. Griffin Lumber Co. v. Harper, supra; Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77.

A photograph taken a short time after the collision, before the vehicles involved had been removed from the scene, was introduced in evidence. It shows that 29th Avenue carries a considerable amount of

vehicular traffic. The presence of the traffic signal light was a proclamation of danger. Tooley v. Margulies (Fla.), 79 So.2d 421. Although there was testimony to the effect that traffic was not particularly heavy at the moment of the collision, the evidence, as pointed out above, shows that there were automobiles proceeding east and west on 29th Avenue at the time of the collision and at least two vehicles were moving in a southerly direction on 19th Street at that time.

Under these circumstances, we think it is legitimate to infer that the defendant had knowledge of conditions which would make her conscious act of proceeding into the intersection against the red light likely to cause injury.

We have read with care the authorities cited by the defendant below in support of her insistence that the trial court erred in letting the wanton count go to the jury. None of those authorities is factually in point. Appellee has cited no case factually similar to the case at bar. We have found none exactly in point.

 We have said that what constitutes wanton conduct depends upon the facts in each particular case. The question presented here is not free from difficulty, but we are of the opinion that the trial court did not err in submitting the issue of wantonness to the jury.

██ The appellant, defendant below, next insists that the trial court erred in refusing to give at her request the following written charges:

"M. The Court charges the jury that you cannot award the plaintiff Mr. Zell punitive damages."

"R. The Court charges the jury that you cannot award Mr. Zell a verdict to include punitive damages."

The action of the court in refusing these charges may be justified on the ground that the verdict, when considered in the light of the evidence, does not indicate that the jury assessed punitive damages. The damages assessed were not, in our opinion, in excess of the amount of actual damage which the jury could have awarded the plaintiff, Zell, for damage to his automobile, the expense to which he was put in hiring a necessary substitute, the expense he incurred in providing hospital care and treatment for his daughter, and the sum to which he was entitled for the loss of his daughter's services and companionship. It is not contended to the contrary in the brief filed here on her behalf. See Bradley v. Ashworth, 211 Ala. 395, 100 So. 663; W. E. Belcher Lumber Co. v. Woodstock Land & Mineral Co., 245 Ala. 5, 15 So.2d 625. In disposing of this contention of appellant in this manner, we do not want to be understood as holding that a plaintiff may not recover punitive damage for a wanton injury to his property (Foster v. Floyd, 276 Ala. 428, 163 So.2d 213; Dearing v. Moore, 26 Ala. 586), or that such damage need be claimed in a wanton count. See Johnson v. Collier, 161 Ala. 204, 49 So. 761.

Finding no merit in the argued assignments of error, we hold the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.