226 So.2d 298

**John S. MARSHALL, Jr., as Admr. of the Estate of Laurie Marshall, Deceased,**

**v.**

**Alice M. MARSHALL.**

**J. S. MARSHALL, Jr.,**

**v.**

**Alice M. MARSHALL.**

**1 Div. 397, 397–A.**

Supreme Court of Alabama.

Aug. 21, 1969.

Foreman & Brown, Mobile, for appellant.

McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellee.

LIVINGSTON, Chief Justice.

This appeal involves two cases, one for injuries sustained by a minor child, Laurie Marshall, now deceased, and the other by her father, J. S. Marshall, Jr. A stipulation of the parties covers the filing of one transcript on appeal.

The case was originally assigned to another member of this Court and was reassigned to the author of this opinion.

This appeal is taken only against Alice M. Marshall, a defendant in the court below. It is abandoned against all of the other defendants in the court below: Malcolm Maples, Wolf Ridge Construction Company, Inc., and Hosea Weaver, etc., et al.

The action, based upon the Alabama guest statute, Sec. 95, Title 36, Code of Alabama 1940, Recompiled in 1958, as to defendant Alice M. Marshall, is for damages sustained by one of the appellants, Laurie Marshall, now deceased, who was a plaintiff below, as the result of a collision between an automobile owned and operated at the time of the accident by Laurie's grandmother, Alice M. Marshall, in which Laurie was riding as a guest, and an automobile being operated by Malcolm Maples, a defendant below, at or near the intersection of Myrtlewood Lane and Old Shell Road in the City and County of Mobile, Alabama, on December 25, 1961.

The complaint contained one count which alleged wanton conduct on the part of the defendants. Demurrer of the defendant Marshall to the complaint was overruled by the court. Defendant Marshall then filed a plea of the general issue and the case went to trial about four years after the accident upon which it was based.

. At the conclusion of plaintiff's evidence, the defendant Marshall, without resting, moved "to exclude the evidence as to her on the grounds that there is a total lack of one of the essential elements of wantonness; and that is, if your Honor please, in [Graves v. Wildsmith, 278 Ala. 228] 177 So.2d 448." The court granted defendant Marshall's motion to exclude and the plaintiffs duly excepted.

Thereafter, within the time provided by law, plaintiffs filed their motions for a new trial in the cause. It was made known to the court below that Laurie Marshall died on March 11, 1966. There was no causal connection between her death and the injuries sustained by Laurie made the basis of these lawsuits. On August 1, 1966, the court revived Laurie's action in the name of her father, J. S. Marshall, Jr., as administrator. The motions for new trial were argued on August 1, 1966, and denied by the court. Thereafter, plaintiffs took the instant appeal.

There are two assignments of error on this appeal. Assignment of error No. 1 is based upon the action of the trial court in overruling and denying appellant's motion for a new trial. Assignment of error No. 2 is based upon the action of the trial court in granting the defendant's motion to exclude the evidence. The only ground in the motion for new trial which was argued was stated in grounds 1 and 7 of the motion, which was that the trial court erred in granting the motion of the defendant to exclude the plaintiff's evidence in rendering a judgment for the defendants when the plaintiffs had proved the allegations of wantonness by at least a scintilla of evidence. Appellant argues both assignments of error together and they will be treated in like manner by this Court because they are related.

In considering the question of whether there was evidence from which the jury could find for the plaintiffs on the wanton count, this Court must view the evidence most favorable to the plaintiffs. Buchanan

v. Vaughn, 260 Ala. 482, 71 So.2d 56, and cases cited.

Stated in such light, the facts are: The defendant, Alice M. Marshall, the mother of the plaintiff, J. S. Marshall, Jr., and grandmother of the plaintiff, Laurie Marshall, was seventy-two years of age at the time of the accident. She then lived in Atmore, Alabama, approximately sixty miles northeast of Mobile. On Christmas Day, 1961, Mrs. Marshall was visiting in the home of her son, J. S. Marshall, Jr., in the Spring Hill section of Mobile; said home was located north of Old Shell Road on Myrtlewood Lane. After Christmas dinner, Mrs. Marshall left the son's home with her sister, Mrs. Goldsmith, to deliver presents to the home of another son of Mrs. Marshall who lived some distance west of the home of J. S. Marshall, Jr. Laurie rode with them as a guest in her grandmother's automobile. The evidence tended to show that Mrs. Marshall did not know exactly how far she would travel before reaching Old Shell Road, where she knew she would have to make a right turn to reach her destination.

The accident occurred at or near the intersection of Myrtlewood Lane, which runs generally north and south, and Old Shell Road, which runs generally east and west. At the time of the accident, Myrtlewood Lane was paved both north and south of Old Shell Road. It appeared from the testimony that Mrs. Marshall had never driven on Myrtlewood Lane before the date in question. A stop sign which normally would have controlled a driver's actions on the route followed by Mrs. Marshall at the intersection of Myrtlewood Lane and Old Shell Road (that is, on the northwest corner of said intersection) was not in place at the time of the accident. It was discovered immediately after the accident laying on the ground on the northwest corner of said intersection. The evidence tended to show that the sign had been removed in connection with sewer construction at the site.

Upon leaving the home of J. S. Marshall, Jr., Mrs. Marshall passed a narrow street

which intersected Myrtlewood Lane. She then passed a "Slow" sign, but resumed a speed estimated to be not in excess of thirty-one miles per hour upon discovering no further traffic control signs. Mrs. Marshall testified that she did not see to the right nor to the left up or down Old Shell Road when she was on Myrtlewood Lane and within fifty feet of Old Shell Road. The intersection was described as being "blind," due to growth and hedge on the corners of the intersection. She further testified that she thought she had come to another narrow residential street similar to that which she had passed shortly after leaving the home of her son. Mrs. Marshall stated in her testimony that had she known she had come to Old Shell Road, she would have stopped, but that the growth and hedge on both sides of Myrtlewood Lane, the street on which she was traveling, was such as to lead her to believe it was other than Old Shell Road. Further, at the time of the accident, there was no center line in Old Shell Road.

The automobile operated by Mrs. Marshall was almost across the intersection when the automobile being operated by Malcolm Maples struck the right rear fender of the Marshall vehicle. Maples was traveling in an easterly direction on Old Shell Road at a speed estimated at forty-five miles per hour. The impact turned the Marshall vehicle around one-hundred and eighty degrees, so that it was heading back in a northerly direction when it came to rest.

Laurie Marshall was thrown out of the Marshall automobile as a result of the impact and came to rest between the right front wheel of the Marshall vehicle and the curb. She sustained multiple fractures of the pelvis, an abdominal laceration, and superficial injuries. Subsequent complications necessitated prolonged medical and surgical procedures.

Defendant's motion to exclude the evidence as to her on the grounds that an essential element of wantonness was lacking was based upon that which we said in Graves v. Wildsmith, 278 Ala. 228, 231, 177 So.2d 448, 451:

"Wantonness has been defined as the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. * * *"

Appellant cites numerous cases and sets out the facts presented in those cases in support of his contention that the trial court committed error in granting defendant's motion to exclude the evidence. What we said in Crocker v. Lee, 261 Ala. 439, 444, 74 So.2d 429, 434, after stating the salient features of the evidence most favorable to the plaintiff, is applicable here:

"In addressing consideration of the foregoing evidence to the governing rules, it is to be first observed that while the principle is the same in all cases, there are necessarily shades of difference in the facts of each case and for that reason the definition of wantonness must be viewed in the light of the circumstances of the particular case under review. Wilhite v. Webb, 253 Ala. 606, 46 So.2d 414."

More generally stated, that which constitutes wanton misconduct depends upon the facts in each particular case. Cooper v. Watts, 280 Ala. 236, 191 So.2d 519; Lewis v. Zell, 279 Ala. 33, 181 So.2d 101. It therefore becomes the duty of this Court to carefully examine the facts in those cases cited by appellant, as well as other cases to which our research directs us, in relation to the facts of the case under review in determining the applicability of the holdings to the facts presented in the instant case.

A recital of the facts in the cases cited and to which we have been directed is deemed unnecessary, as it would unduly lengthen this opinion and serve no useful

purpose. No case is cited by appellant, nor do we find any, in which the facts are substantially the same as in the case at bar. A diligent search of the record here has not revealed that scintilla of evidence to support a wanton count which is essential if such an issue is properly to be submitted to the jury.

It may be true that Mrs. Marshall was proceeding through an unfamiliar intersection. However, does the evidence show that she proceeded along her course with *knowledge* and *consciousness* that injury might likely or probably result, elements which are essential if the issue of wantonness is to be properly submitted to the jury?

"The mental state of the person who did or omitted to do that which duty required in the premises (Sington v. Birmingham Ry., Lt. & P. Co., supra [200 Ala. 282, 76 So. 48]), is the matter of controlling importance in cases of this character. * * * Law v. Saks, 241 Ala. 37, 38, 1 So.2d 28, 29.

Mrs. Marshall in her testimony indicated that she did not realize by her actions or inactions that she was placing Laurie in danger. The testimony of Mrs. Goldsmith, the sister of Mrs. Marshall, tends to support this contention

"Q. Did you see any cars coming:

"A. No, sir.

"Q. Was that just as you were entering the intersection?

"A. Yes, sir, when we got into this intersection. I knew it was a street, but I did not know what street it was.

"Q. And you didn't see any cars coming down the hill?

"A. No, sir, I didn't see any cars. And I looked just as soon as we got away from these bushes, I looked to my right and I knew it was a street, but I didn't see any cars coming down the hill. I felt like my sister would look to the left so I just looked to the right and, so, I didn't see anything.

"Q. You say your sister, Mrs. Alice Marshall, was driving slowly?

"A. Yes, sir, she was driving what I call slowly. Now my slowly may not be everybody's slowly, but it was slow to me. She was not going fast; she was a good driver.

"Q. Had you said anything to her about her driving?

"A. No, sir."

The deposition of Laurie Marshall, read into evidence at trial, also indicated that Mrs. Marshall, at the time of the accident, was not driving recklessly or speeding. The deposition further indicated that Laurie did not tell her grandmother, Mrs. Marshall, that they had reached Old Shell Road until they were already on said road.

We cannot say that the evidence demonstrates that the defendant, Mrs. Marshall, entertained the knowledge and consciousness at the time of the accident that injury would likely or probably result that are essential if the issue of wantonness is to be submitted to the jury.

What we said in Cooper v. Providence Hospital, 272 Ala. 283, 285, 130 So.2d 8, 9, is controlling on us here:

"With respect to the motion to exclude the evidence of the plaintiff, the trial court will never be put in error for refusing such motion, nor will it be placed in error for granting the motion if the evidence does not make out a prima facie case for the plaintiff. * * *"

The judgment of the trial court in 1 Div. 397 is affirmed.

The judgment of the trial court in 1 Div. 397–A is affirmed.

LAWSON, MERRILL and HARWOOD, JJ., concur.