266 So.2d 265

**Jerry Neal TURKETT**

**v.**

**Frank WEDGEWORTH.**

**6 Div. 889.**

Supreme Court of Alabama.

Sept. 7, 1972.

Henley & Northington, Northport, for appellant.

No brief from appellee.

PER CURIAM.

The appeal before us is to review a judgment for defendant, in the Circuit Court of Tuscaloosa County, wherein plaintiff (appellant) filed his amended complaint, containing a negligent and a wanton count, to recover damages for personal injuries, medical expenses, medical care, etc., proximately resulting from the conduct of defendant (appellee) in the operation of an automobile against one being operated by plaintiff.

The complaint alleges, inter alia, that plaintiff was driving an automobile along 24th Avenue, at or near its intersection with an alley behind Southside Drug, which is located at 2102 Greensboro Avenue, Tuscaloosa, Alabama, at which point the collision occurred. The allegations of the complaint were supported by plaintiff's evidence.

The time of the collision was about 7:55 a.m. on February 15, 1969, at which time and place the road was wet from heavy mist or light rain. Plaintiff's evidence shows that he was traveling south at a speed of 20 to 25 miles per hour on the inside lane of a four-lane highway, with two lanes for southbound traffic and the other two for northbound vehicles. There was a marked center line that separated two lanes from the other two. The traffic within the area of the collision was controlled or facilitated by traffic signal lights which served as "a proclamation of danger." Lewis v. Zell, 279 Ala. 33, 181 So.2d 101. The collision, according to the evidence, occurred in a business area.

The evidence, without contradiction, shows that defendant left a parking area outside the lanes of traffic leading south and entered lanes nearest to him. After entering the outside lane and after traveling a short distance, defendant cut across the inside lane while attempting to make a sharp turn in a U-shape fashion. This turn was made as plaintiff was approaching and traveling south on the inside lane.

In other words, defendant, trying to complete the turn, cut in front of plaintiff. Plaintiff contended that he did not stop his automobile because of the close proximity of the turn, both in time and distance. Defendant offered some conflicting evidence as to the distance and speed of plaintiff's automobile when he made the turn. The collision occurred while the turn was being made but before completion. Plaintiff's vehicle bashed in the left rear door of defendant's automobile. It appears that the traffic light facing plaintiff was green at the time and before the collision. We do not understand that the collision occurred at the traffic light, but a short distance therefrom.

■ As we said in Thrasher v. Darnell, 275 Ala. 570, 156 So.2d 922, we are not persuaded that the wanton count was not supported by evidence. Considering the density of motor vehicular traffic that would justify the building of a highway of four lanes (two each for traffic proceeding in opposite directions within the corporate limits of Tuscaloosa) to facilitate the movement of traffic, as here, we cannot say as a matter of law that defendant was not guilty of wantonness when he undertook, as the testimony tended to show, to move from his parking area adjoining the highway and make the turn above described in front of plaintiff's approaching vehicle that was obvious at the time. Act No. 517, General Acts 1949, page 754; Title 36, § 17(b), Recompiled Code 1958; Roberts v. McCall, 245 Ala. 359, 17 So.2d 159.

"The different contentions raise a sharp issue of fact. If defendant negligently turned in front of plaintiff's truck in dangerous proximity to its approach proximately causing the collision, a claim of negligence on count 1 was available to plaintiff. If defendant was conscious of the danger, either saw plaintiff as he approached, or knew that someone was likely thus to approach, and he heedlessly and recklessly disregarded the danger and turned across the road in front of plaintiff's truck without looking to see if anyone was in a dangerous position at a time and place when he should have anticipated such a condition, and thereby proximately caused the collision, the claim of wanton injury in the second count was available to plaintiff." (245 Ala. at 362, 17 So.2d at 160)

We conclude that the evidence, if the jury believed it, would have justified them in a finding of wantonness on the part of defendant (appellee). The trial court committed reversible error when, at the request of defendant, he gave written instructions, the subject of assignment of error 8, as follows:

"D-4. I charge you, Members of the Jury, that if you believe the evidence in this case you cannot find a verdict for the Plaintiff under Count Two of the complaint."

■ We wish to note that the issues submitted to the jury were negligence on the part of defendant as alleged in Count 1 of the complaint as amended and contributory negligence thereto by the plaintiff. The jury could have based their decision on the contributory negligence issue. Had the wanton count been submitted, contributory negligence thereto would not have been a defense. Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77. We have also held that wantonness exists only when negligence is absent. Shirley v. Shirley, supra; Louisville & Nashville R. R. Co. v. Markee, 103 Ala. 160, 15 So. 511; Louisville & Nashville R. Co. v. Perkins, 152 Ala. 133, 44 So. 602.

Appellant argues assignment of error 6 which asserts that the trial court erred in its oral charge to the jury whereby the judge instructed the jury that plaintiff would not be entitled to any damages for the value of the services of his wife under the evidence in the case, and that they should not award any damages for and on account of any services performed to the plaintiff by his wife.

It appears from the evidence that plaintiff's wife attended him while he was immobilized in the hospital and also for a period of several days after he was released from the hospital and while physically incapacitated at his home. Mrs. Turkett acted as a "sitter" for her husband, but so far as the record shows did not perform any skilled nursing services for him. It does not appear that she was a licensed practical or a registered nurse.

Title 34, § 66, Recompiled Code 1958, provides as follows:

"The earnings of the wife are her separate property; but she is not entitled to compensation for services rendered to or for the husband, or to or for the family."

Addressing this section of the Code (1896, § 2521), the eminent and late Chief Justice McClellan, writing for the court, observed in Birmingham Southern Ry. Co. v. Lintner, 141 Ala. 420, 427, 428, 38 So. 363, 364, 109 Am.St.Rep. 40, as follows:

". . . . The whole scope and purpose of this enactment manifestly are to vest in the wife her earnings in services rendered to third persons, strangers to the household. It in no degree emancipates her from her household duties, nor authorizes her to enter upon such alien service as would conflict with and prevent the performance of her duties incident to the domestic establishment; the care, comfort, and convenience of the family—the duties, in short, which before the statute she owed to the husband as the husband and head of the family. These duties she owes now just as she did at the common law, and while the husband may allow her to pretermit them and engage wholly or to any less extent in outside service, the earnings of which belong to her, without such emancipation by the husband she owes these services to him now as before, and for any wrongful act of a stranger which

deprives him of them he is entitled to recover for the consequent loss and injury. . . . . 15 Am. & Eng. Ency. Law, p. 861; Henry and Wife v. Klopfer, 147 Pa. 178, 23 Atl. 337, 338; Tuttle v. C., R. I. & P. R. R. Co., 42 Iowa, 518; Filer v. N. Y. C. R. Co., 49 N.Y. 47, 10 Am. Rep. 327; Douglas v. Gausman, 68 Ill. 170."

The claim here is not founded on any loss to the husband by virtue of his wife's services to him. Plaintiff (appellant) seeks to recover the value of the wife's services as a "sitter" or as an attendant for which he paid her no compensation nor did he obligate to pay her.

We pretermit considering the right of plaintiff-appellant to recover the reasonable value of services rendered by Mrs. Turkett while she was taking care of her husband in the hospital and while he was sick at home. If plaintiff-appellant or Mrs. Turkett procured the services of a substitute and incurred liability therefor, no issue relative thereto appears in the pleading or evidence. There is a thread of evidence that a substitute was employed, but other related evidence does not appear. The complaint is silent as to such employment.

Because the trial court erred in giving for defendant written instruction D-4, supra, we think the judgment should be reversed and the cause remanded. It is so ordered.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.

COLEMAN, J., dissents.