The plaintiff in this wrongful death action appeals from a summary judgment for the defendant. The trial judge entered that judgment because he believed that Alabama's Guest Statute barred the plaintiff's negligence claim and that there was no wantonness shown, as a matter of law.
The facts are as follows:
Melanie Sexton and Alicia Sellers, both from Montgomery, were enrolled as first-year students at Judson College in Marion, Alabama, for the fall 1987-88 school term. It was their custom to ride together to and from Judson College and their homes in Montgomery. They would ride together on at least three out of four weekends. They would use Melanie Sexton's automobile, and, when they arrived at Montgomery, Alicia's mother would pay Melanie $10.00 to help cover the expenses.
The accident in question occurred at approximately 12:50 p.m. on January 8, 1988, on the second of a series of three bridges located between links 1040 and 1044 on County Road 6 in Perry County, Alabama. For several days prior to January 8, travel advisories had been issued because of expected inclement weather and the possibility of freezing precipitation. Sometime on the afternoon of January 7, in anticipation of this inclement weather, the Perry County engineer's office placed a coarse type of slag on several bridges in Perry County. This included the bridge on which this accident occurred.
On the weekend of January 8-10, 1988, Alicia and Melanie were scheduled to go on a school-sponsored ski trip. However, the ski trip was canceled because of the predicted bad weather. Because their trip had been canceled, they decided to return to Montgomery. They proceeded toward Montgomery on their usual route — south on Alabama Highway 45, and then east on County Road 6. Melanie Sexton was driving at or about the maximum legal speed of 55 m.p.h. when she crossed the first of the three bridges on County Road 6. Melanie acknowledged that there was loose rock/stone on that bridge, that she believed that it was on the bridge because of pending bad weather, and that she did not slow down as she approached the second bridge. She further acknowledged that she normally slowed down before entering this bridge because of a wide curve to the left.
Upon entering the second bridge, Melanie lost control of her car, first pulling to the right and then, in an attempt to correct the direction of the vehicle, steering to the left and traveling completely into the lane of oncoming traffic. In attempting to correct her direction a second time, she oversteered to the right, then braked. The vehicle then went straight, hitting the right-hand guard rail. The vehicle bounced off the rail, swerved to the left, rotating counterclockwise directly into the path of *Page 174 
an oncoming truck; the right passenger side of the Sexton vehicle hit the left front of the truck.
Alicia Sellers was killed as a result of the collision. Her father, Robert Sellers, as administrator of her estate, filed a wrongful death action against Melanie Sexton, alleging both negligence and wantonness. Plaintiff now appeals from Melanie Sexton's summary judgment.
The plaintiff first contends that the trial court erred in relying on the Alabama Guest Statute as basis for the summary judgment as to the negligence claim. Our Guest Statute, §32-1-2, Code of Alabama (1975), provides:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
This section does not define the term "guest," but instead, leaves it up to the court to determine who is and who is not a guest. Roe v. Lewis, 416 So.2d 750 (Ala. 1982); Harrison v.McCleary, 281 Ala. 87, 199 So.2d 165 (1967). Several Alabama cases have held that, unless reasonable minds can reach but one conclusion from the uncontroverted facts, the dispute is a question of fact to be determined by the jury. McDougle v.Shaddrix, 534 So.2d 228 (Ala. 1988); Harrison v. McCleary,281 Ala. 87, 199 So.2d 165 (1967); Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824 (1956); Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244 (1954).
The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, goodwill or the like on the person furnishing the transportation, the rider is a guest. However, if his carriage tends to promote the mutual interest of both himself and the driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or if the rider accompanies the driver at the instance of the driver for the purpose of having the rider render a benefit or service to the driver on a trip that is primarily for the attainment of some objective of the driver, the rider is a "passenger for hire" and not a "guest". Westbrook v. Gibbs, 285 Ala. 223,231 So.2d 97 (1970); Harrison v. McCleary, 281 Ala. 87,199 So.2d 165 (1967). The evidence in each particular case must be considered in determining whether a person is a guest or is a passenger for hire. Boggs v. Turner, 277 Ala. 157, 168 So.2d 1
(1964).
The general rule is that the sharing of the cost of operating a car on a trip, when the trip is undertaken for pleasure or social purposes and the invitation is not motivated by, or conditioned on, such sharing, is nothing more than the exchange of social amenities and does not transform into a passenger for hire one who, without the exchange, would be a guest. However, where the offer of transportation is conditioned on the passenger's contribution toward the expenses, or where it appears that the arrangement for transportation bears one or more of the indicia of a business arrangement, especially where the arrangement is specifically for transportation, or comprehends a trip of considerable magnitude, or contemplates the repetition of more or less regular rides, the person paying for gasoline and oil consumed or contributing toward other automobile expenses is held to be a passenger for hire and not a guest. This is true even though the ultimate purpose of the arrangement may be for pleasure. Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244 (1954).
Based on the rule of law stated in these cases, we find that there is a question of fact that should be determined by the jury. These two students were good friends who were often together in a social manner; however, they also had an arrangement for transportation that contemplated regular trips of considerable magnitude. A jury, therefore, could consider the relations between the driver and the passenger, such as: implied and expressed arrangements made between them as to the *Page 175 
conduct of the particular trip, the purpose of the trip, the benefits accruing to the driver and to the passenger from the trip, and any other factors that bring into proper focus the true status of the driver and the passenger at the time of the accident. Roe v. Lewis, 416 So.2d 750 (Ala. 1982).
The plaintiff next contends that the trial court erred in entering the summary judgment against his wantonness claim. This court has defined "wantonness" as the conscious doing of some act or omission of some duty under knowledge of existing conditions, while conscious that from the doing of such act or omission of such duty injury will likely or probably result.McDougle v. Shaddrix, 534 So.2d 228 (Ala. 1988); Marshall v.Marshall, 284 Ala. 512, 226 So.2d 298 (1969); Lankford v. Mong,283 Ala. 24, 214 So.2d 301 (1968); Jackson v. Cook, 275 Ala. 151, 153 So.2d 229 (1963); Randolph v. Kessler, 275 Ala. 73,152 So.2d 138 (1963). The court must carefully consider the facts of each particular case in order to determine if evidence of wantonness exists. If there is any evidence from which a jury can reasonably infer wantonness, the issue should be presented to the jury. McDougle v. Shaddrix, 534 So.2d 228
(Ala. 1988).
In this case, there was evidence that Melanie Sexton was driving her car at or near the maximum posted speed limit when she entered a bridge that she should have known had been spread with rock/stone in preparation for bad weather. In addition, there was evidence that she knew that the bridge had a wide curve that would obstruct her view of any oncoming traffic. These facts constituted substantial evidence to support the wantonness claim. Therefore, the issue should have been presented to a jury. We reverse and remand for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.