STEAGALL, Justice.
The plaintiff, Ruth Carter, appeals from a summary judgment entered in favor of Lois Reed in an action alleging liability for injuries Carter sustained when the automobile Reed was driving hit a building. Carter was a passenger in that automobile.
Carter and Reed are close friends. Carter is unable to drive and, for several years before September 1992, Reed had driven Carter on weekly trips to run errands. Carter paid $5 to Reed for each trip. On September 17,1992, during their weekly trip, the automobile Reed was driving hit a building and Carter was injured; Carter had not paid Reed on the day of the accident. Carter sued Reed, alleging that Reed negligently or wantonly caused the automobile to hit the building and thereby caused Carter’s injuries. Reed moved for a summary judgment on the ground that, at the time of the accident, Carter was a guest in the automobile and, therefore, under Alabama’s guest statute, Ala.Code 1975, § 32-1-2, Reed is not liable for any alleged negligence, and on the ground that there was no substantial evidence of wantonness. The trial court entered a summary judgment in favor of Reed, and Carter appeals.
At the outset, we note that Carter does not argue that the summary judgment was improper as to the wantonness claim; accordingly, we affirm the judgment as to the wantonness count.
Carter contends that Reed was receiving payment for the weekly trips, that Reed derived a benefit from driving Carter to run errands, and that Carter was, therefore, a paying passenger, not a guest. Carter relies on Sellers v. Sexton, 576 So.2d 172 (Ala.1991), wherein this Court held that where the arrangement for transportation involved regular trips of considerable magnitude, there was a jury question as to the status of the relationship between the driver of the automobile and the passenger. In Sellers v. Sexton, 576 So.2d at 174, this Court stated:
“[Wjhere the offer of transportation is conditioned on the passenger’s contribution toward the expenses, or where it appears that the arrangement for transportation bears one or more of the indicia of a business arrangement, especially where the arrangement is specifically for transportation, or comprehends a trip of considerable magnitude, or contemplates the repetition of more or less regular rides, the person paying for gasoline and oil consumed or contributing toward other auto *834 mobile expenses is held to be a passenger for hire and not a guest. This is true even though the ultimate purpose of the arrangement may be for pleasure.”
(Citation omitted.) Reed argues that she drove Carter to run these weekly errands because the two had been close Mends for 50 years; that the $5 paid by Carter was solely to help Reed cover the expenses; that there was no evidence that she received a benefit by driving Carter to run the weekly errands; and that, therefore, Carter’s negligence claim is barred by § 32-1-2. Reed argues that this case is controlled by Klaber v. Elliott, 533 So.2d 576 (Ala.1988), wherein this Court held that the purpose for the trip was social; that the passenger’s occasional contribution toward gasoline expenses was a mere social courtesy; that whatever benefit was conferred upon the driver was incidental to hospitality; and, therefore, that the passenger was a guest and not a paying passenger.
Based on the record before us, we conclude that this case is more factually aligned with Sellers and is distinguishable from Kla-ber. In Sellers, the driver and the passenger were both students at Judson College in Marion, Alabama; they were from Montgomery, Alabama. They rode back and forth to school together at least three out of four weekends. They would use the driver’s automobile, and when they arrived in Montgomery the passenger’s mother would pay the driver $10 to help cover expenses. During one of their trips, the driver lost control of the automobile and collided with another automobile. The passenger was killed as a result of that collision.
In Klaber, the driver and the injured passenger were Mends; the passenger, who was not licensed to drive, frequently rode with the driver, who was licensed to drive, and occasionally contributed toward gasoline expenses. During a trip from the home of a Mend of the two to another Mend’s house, the automobile slid off the road into a ditch and then onto another road; the passenger was injured as a result of the accident.
In this case, unlike Klaber, there is disputed evidence as to whether Reed’s offer of transportation to Carter was conditioned upon Carter’s contribution toward expenses. Specifically, in her affidavit submitted in support of the motion for summary judgment, Reed testified that the transportation was not motivated by or conditioned upon Carter’s payment toward expenses. In her deposition submitted in opposition to the motion for summary judgment, Carter testified that Reed had stated that no one would ride in Reed’s car unless they paid. Accordingly, we conclude, as we did in Sellers, that there is a jury question as to the status of Carter and Reed. The judgment as to Carter’s negligence claim is reversed and the cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, INGRAM and COOK, JJ., concur.