I agree with the majority that the trial court erred in submitting the wantonness and negligent-entrustment claims to the jury. However, I believe there was sufficient evidence to create a fact question as to whether Calvin was a "passenger" or was a "guest" in Tommy's car. Therefore, I believe the trial court properly submitted the negligence claim to the jury.
I find Sellers v. Sexton, 576 So.2d 172 (Ala. 1991), persuasive. InSellers, the plaintiff filed a wrongful-death action based on the death of his daughter. The daughter and the defendant/driver were enrolled as first-year students in college, and it was their custom to ride together between their college and their homes at least three out of four weekends. The trial court entered a summary judgment for the defendant/driver on the grounds that the Guest Statute barred the negligence claim. The supreme court reversed, holding:
 "The general rule is that the sharing of the cost of operating a car on a trip, when the trip is undertaken for pleasure or social purposes and the invitation is *Page 913 
not motivated by, or conditioned on, such sharing, is nothing more than the exchange of social amenities and does not transform into a passenger for hire one who, without the exchange, would be a guest. However, where the offer of transportation is conditioned on the passenger's contribution toward the expenses, or where it appears that the arrangement for transportation bears one or more of the indicia of a business arrangement, especially where the arrangement is specifically for transportation, or comprehends a trip of considerable magnitude, or contemplates the repetition of more or less regular rides, the person paying for gasoline and oil consumed or contributing toward other automobile expenses is held to be a passenger for hire and not a guest. This is true even though the ultimate purpose of the arrangement may be for pleasure. Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244 (1954).
 "Based on the rule of law stated in these cases, we find that there is a question of fact that should be determined by the jury. These two students were good friends who were often together in a social manner; however, they also had an arrangement for transportation that contemplated regular trips of considerable magnitude. A jury, therefore, could consider the relations between the driver and the passenger, such as: implied and expressed arrangements made between them as to the conduct of the particular trip, the purpose of the trip, the benefits accruing to the driver and to the passenger from the trip, and any other factors that bring into proper focus the true status of the driver and the passenger at the time of the accident. Roe v. Lewis, 416 So.2d 750
(Ala. 1982)."
Sellers, 576 So.2d at 174-75.
In the present case, Calvin and Tommy were friends who were often together in a social manner, but they also had an arrangement for transportation. One would ride with the other when his automobile was not operational. In July 1997, Calvin's car was not working. He and Tommy established a financial arrangement whereby Tommy would drive him to and from school and weight training in exchange for $2 or $3 a trip. Therefore, I disagree with the majority's holding that Alabama's Guest Statute barred Calvin's recovery under his negligence claim.