MURDOCK, J.,
dissents.
SEE, Justice (concurring in overruling the application for rehearing and concurring in the result as to the opinion).
I concur in overruling the application for a rehearing. I concur in the result reached by the main opinion for the following reasons.
I concurred in McKenzie v. Killian, 887 So.2d 861 (Ala.2004), the controlling precedent in this case. Nonetheless, its application in this case is troubling. I concur in the result reached by the main opinion because (1) McKenzie is the current applicable law, (2) I do not believe that McKenzie can be distinguished from this case, and (3) this Court has not been asked to overrule McKenzie.
This Court concluded in McKenzie that “wanton conduct is the equivalent in law to intentional conduct” and that the “allegation of intent renders the six-year statutory period of limitations applicable.” 887 So.2d at 870. In so doing, as the main opinion notes, the Court “abandoned any determination of whether the six-year statute of limitations applies based on the presence of direct force to cause the injury in a claim alleging wantonness.” 13 So.3d at 953.
In the present case, the new defendants first argue that McKenzie is distinguishable because this case, unlike McKenzie, which involved a simple automobile accident, is a toxic-substance-exposure case. Castrol Industrial North America’s brief at 35. If, however, this Court were to determine the applicable statute of limitations here on the basis of the alleged harm, namely, an injury arising out of a motor-vehicle wreck versus a toxic tort, we would be abandoning our conclusion in McKenzie that it is the “allegation of intent [that] renders the six-year statutory period of limitations applicable.” See McKenzie, 887 So.2d at 870 (‘We overrule Sasser [v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973),] and its progeny to the extent that those cases prefer the theory of causality over intent as the mechanism for distinguishing between actions for trespass and for trespass on the case.”). Such a conclusion would, in effect, overrule McKenzie, a task that we have not been asked to undertake.
The new defendants also argue that “[t]he relevant discussion in McKenzie is dicta that does not control this case.” Joint brief of appellees at 14. In support of this argument, the new defendants quote the following language from McKenzie:
“[T]he record supports the affirmance [of the summary judgment entered against McKenzie] on the ground that the evidence was insufficient to support McKenzie’s wantonness claim, notwithstanding Killian’s failure to assert that ground in his summary-judgment motion, because McKenzie failed to challenge below the trial court’s reliance upon that ground.”
887 So.2d at 866. The new defendants point to this language for the proposition that this Court decided McKenzie on the basis that McKenzie’s wantonness claim was not supported by sufficient evidence; therefore, the new defendants conclude, our decision in McKenzie was not based on the statute-of-limitations discussion. Joint brief of appellees at 14. McKenzie, however, offers no support for such a reading.
*957 Rebecca McKenzie, the plaintiff in McKenzie, sued George Killian III, among others, alleging negligence and willful and/or wanton conduct. 887 So.2d at 863. Killian moved for a summary judgment, arguing that McKenzie’s claims were barred by the two-year statute of limitations. McKenzie “responded by arguing that her wantonness claims were grounded in an action for trespass and were therefore governed by the six-year statute of limitations set forth in § 6-2-34(a), Ala. Code 1975.” 887 So.2d at 863. After noting that “ ‘trespass is an intentional or wanton direct application of force by defendant or under his or her authority,’ ” the trial court concluded that McKenzie’s claim was time-barred because “ ‘there [was] no evidence to establish a willful or wanton application of force.’ ” McKenzie, 887 So.2d at 863. Implicit in the trial court’s ruling is the conclusion that McKenzie’s claim was, in fact, an action for trespass on the case, and not one for trespass.
On appeal, this Court addressed as a threshold matter whether McKenzie’s claim was time-barred and determined that the correct “mechanism for distinguishing between actions for trespass and for trespass on the case” is not the causality — that is, whether there was a direct or an indirect application of force — but the intent giving rise to the act or harm. The Court then concluded that “wanton conduct is the equivalent in law to intentional conduct. Such an allegation of intent renders the six-year statutory period of limitations applicable.” 887 So.2d at 870. From this conclusion, the Court held that McKenzie’s wantonness claim was not time-barred. Having addressed the threshold question of which limitations period was applicable to McKenzie’s wantonness claim, this Court then addressed whether McKenzie had met her burden of establishing that claim. This Court held that although the trial court had applied the wrong statute-of-limitations provision, the summary judgment nevertheless was appropriate because McKenzie’s wantonness claim was not supported by substantial evidence. 887 So.2d at 871. As the main opinion notes, our discussion whether McKenzie’s wantonness claim was time-barred was necessary to properly address the trial court’s judgment and thus is not dicta, as the new defendants assert. See Ex parte Williams, 838 So.2d 1028, 1031 (Ala.2002) (“[O]biter dictum is, by definition, not essential to the judgment of the court which states the dictum .... ”).[3]
Were we asked to review our decision in McKenzie to address whether all wantonness claims are subject to a six-year statute of limitations, I would expect a developed analysis that addresses the applicable statute of limitations in light of our statu *958 tory scheme. Section 6-2-34, AIa.Code 1975, provides that “[a]ctions for any trespass to person or liberty, such as false imprisonment or assault and battery” must be commenced within six years. I question whether all wanton conduct is, by definition, an action for trespass analogous to false imprisonment or assault and battery, both of which require intent to commit the wrongful act.[4] If § 6-2-34, Ala. Code 1975, does not encompass all wanton conduct, and if, as it appears, a statute-of-limitations provision for wanton conduct is not addressed elsewhere in the statutory scheme, then by default a wantonness claim would be subject to the two-year statute-of-limitations provision.[5] See § 6-2-38(i), Ala.Code 1975 (“All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.”).[6]
Although I am troubled by the application of McKenzie in this case, I do not *959 believe that McKenzie is distinguishable or that the statute-of-limitations analysis therein is dicta; therefore, because we have not been asked to overrule McKenzie, I concur in the result of the main opinion.

. Black’s Law Dictionary 409 (8th. ed.2004) defines obiter dictum as: "A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case .... ” It is true that in McKenzie, as in many other cases addressed by this and other appellate courts, it turned out that one of the two issues addressed by this Court could have been avoided by addressing the other issue first. In fact, in McKenzie, a priori, either of the two issues— the statute-of-limitations issue or the sufficiency-of-the-evidence issue — could have been dispositive, depending on the outcome of the analysis of the respective issues. However, in light of the trial court's order in McKenzie, this Court chose to analyze first the statute-of-limitations issue and then, only after the analysis of that issue turned out not to be disposi-tive, to address the sufficiency of the evidence of wantonness. The issue with which this Court begins its analysis is a matter that lies within the discretion of this Court. The proper question is not whether with perfect hindsight this Court could have reached the same result by another route; rather, the proper question is whether, having chosen the route we chose, the analysis was reasonably related to arriving at the result.

. Compare Crown Cent. Petroleum Corp. v. Williams, 679 So.2d 651, 653 (Ala.1996) ("False imprisonment consists of the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty.” (citing § 6-5-170, Ala.Code 1975)), and Harper v. Winston County, 892 So.2d 346, 353 (Ala.2004) ("The plaintiff in an action alleging assault and battery must prove '(1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner.' ” (quoting Ex parte Atmore Cmty. Hosp., 719 So.2d 1190, 1193 (Ala.1998))) with Jordan v. Calloway, 7 So.3d 310, 317 (Ala.2008) ("Wantonness is ‘ "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.” ’ ” (quoting Barker v. Towns, 747 So.2d 907, 907 (Ala.Civ.App.1999), quoting in turn Alfa Mut. Ins. Co. v. Roush, 723 So.2d 1250, 1256 (Ala.1998))). See also Berness v. Regency Square Assocs., Ltd., 514 So.2d 1346, 1349-50 (Ala.1987) (" ‘ "Wantonness has been defined as the conscious doing of some act or the omission of some duty [while] under knowledge of existing conditions and while conscious that, from the doing of such act or the omission of such duly, injury will likely or probably result, and before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the result. Griffin Lumber, Co. v. Harper, 247 Ala. 616, 25 So.2d 505 [(1946)]; Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277 [(1960)]; Johnson v. Sexton, [277 Ala. 627, 173 So.2d 790] [(1965)].” ’ ” (quoting Roberts v. Brown, 384 So.2d 1047, 1048 (Ala.1980), quoting in turn Lewis v. Zell, 279 Ala. 33, 36, 181 So.2d 101, 104 (1965))).

. Although it may be suggested that the new defendants engaged in the intentional act of engineering, designing, developing, configuring, manufacturing, assembling, distributing, and/or selling the chemicals or equipment used at the muffler-assembly plant, there does not appear to be any allegation of an intent to do harm. It is for this reason that I am concerned with a six-year statute of limitations in this case. However, I understand that under a wantonness standard, the former employees will have to prove not only that the new defendants intended to engineer, design, develop, configure, manufacture, assemble, distribute, and/or sell the chemicals or equipment used at the muffler-assembly plant, but also that the new defendants performed those tasks "with reckless indifference to the consequences” that proximately caused the former employees' injuries.

. This does not require that wanton conduct be considered more closely akin to negligence than to an intentional tort; this Court has repeatedly held that wantonness is neither an intentional tort nor some form of "super-negligence.” See Phillips ex rel. Phillips v. United Seivices Auto. Ass’n, 988 So.2d 464, 467 (Ala.2008) (" ' "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability.” ’ " (quoting Ex parte Anderson, 682 So.2d 467, 469 (Ala.1996), quoting in turn Lynn Strickland Sales & Serv., Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987))).