189 So.2d 779

Rhett G. BARNES, Jr.

v.

Thomas B. HANEY.

2 Div. 486.

Supreme Court of Alabama.

Aug. 25, 1966.

1. 279 Ala. 584.

Clement, Rosen, Hubbard & Waldrop, and Robt. B. Harwood, Jr., Tuscaloosa, and Nathan G. Watkins, York, for appellant.

Pruitt & Pruitt, Livingston, for appellee.

MERRILL, Justice.

Plaintiff-appellant sued defendant-appellee for damages on account of injuries sustained in a hunting accident. Count 1 of the complaint charged simple negligence and Count 2 charged wantonness. The verdict and judgment were for the defendant and plaintiff appealed.

Appellant's first argued assignment of error is that the court erred in giving the following requested written Charge No. 8 at the request of the appellee:

"I charge you, Gentlemen of the Jury, that the injury sustained by the Plaintiff, does not of itself give Plaintiff a right of recovery. To enable Plaintiff to recover in this case, he must show that the Defendant was guilty of a breach of some duty to him and that, as a proximate result thereof, the Defendant sustained said injury. If you believe from the evidence as submitted, that the Defendant was not guilty of a breach of any duty owed to the Plaintiff, but that the injury sustained by the Plaintiff was the result of an accident or misadventure, then the Plaintiff cannot recover of the Defendant in this case."

Appellant argues that the use of the words "accident or misadventure" was so necessarily misleading that the error could not have been cured by an explanatory charge, as distinguished from those having a tendency to mislead. See Russell v. Thomas, 278 Ala. 400, 178 So.2d 556[4]. We cannot agree.

The same charge was held to be "a good charge" in McNeil v. Munson Steamship Line, 8 Ala.App. 610, 62 So. 459. (The case was reversed by this court, 184 Ala. 420, 63 So. 992, on other questions.) It is obvious that the charge could have been refused on the use of "believe" instead of "reasonably satisfied" in the third sentence, but under the uniform rulings of this court, reversible error will not be predicated on the giving or refusal of such charges. St. Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433[6], and cases there cited; Marigold Coal, Inc. v. Thames, 274 Ala. 421, 149 So.2d 276.

We have also held that neither the giving or refusal of "unavoidable accident" or "mere accident" charges constitutes reversible error, but the better practice is to refuse them. Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277. We hold that the charge had, at most, only a tendency to mislead, and there was no reversible error in giving it.

The next argument charges error in the giving of Charge No. 30 at the request of the defendant:

> "I charge you, Gentlemen of the Jury, that the burden of proof is on the Plaintiff in this case, to reasonably satisfy your minds from the evidence of the truth of the material allegations of each count of the complaint, and I charge you, that unless the Plaintiff has met that burden, you cannot return a verdict in favor of the Plaintiff and against the Defendant on either of counts of said complaint."

The error here was that the charge read "each count of the complaint," when in fact the second count of the complaint, which charged wantonness, had already been disposed of because the trial court gave the affirmative charge with hypothesis as to Count 2 of the complaint.

Appellant contends that this charge also was a necessarily misleading charge and that it was reversible error to give it. Again, we cannot agree.

The word "each" was surplusage, but the charge was still a good charge as a matter of law. The trial court made it clear in the oral charge that the only burden on the plaintiff was to prove simple negligence under Count 1 of the complaint. This is a good example of where an explanatory charge could have been requested if appellant had been dissatisfied with the charge. Even so, we are convinced from the reading of the oral charge that the jury knew that Count 1 was the only count involved and could not have been misled by the giving of Charge No. 30.

The final argued assignment of error is that the court erred in giving the affirmative charge with hypothesis as to Count 2 which charged wantonness. Appellant contends that "in the instant case there was at least a scintilla of evidence which would support the inference that at the time the Appellee shot Appellant, the Appellee had knowledge that the Appellant, though not seen, was likely to be in a position of danger, and with a conscious disregard of this appreciated danger, the Appellant proceeded to discharge his shotgun."

We state the evidence in its most favorable light to the plaintiff. He and appellee were friends, living on opposite sides of the same street about a block apart in York, Alabama. Appellee invited him to go bird hunting with him and they went hunting together on February 9, 1964. The appellee selected a hunting area with which he was intimately familiar but which the appellant had never been to before. After they had hunted over a fairly extended area, the appellant and the appellee were proceeding through a briar patch when the appellant stopped to tie his boot at a time when the appellee was standing directly beside him. At this time the appellee moved on forward in the general direction in which the two of them had been proceeding without ever looking back again. Appellee swung on off to his right to follow a path that led parallel to the bank of the creek at the scene and after the appellant finished tying his shoe, he followed along after the appellee and caught sight of him moving along ahead. After the appellant sighted the appellee up ahead of him, he began to move toward the general area where the appellee was, and the appellee continued to move further along parallel to the creek bank. As the appellant approached the appellee, and when he had reached a point approximately fifty feet away from him, two birds suddenly flushed and flew up in front of

the appellee, one getting up a second or two ahead of the other. At this juncture the line of vision between the appellant and the appellee was clear and unobstructed. The appellee, who had been facing in a southerly direction, did not notice the first bird which arose in front of him, but when the second bird arose from approximately the same position, he reacted to it. The bird to which the appellee reacted at first flew straight away in front of him heading in a southerly direction, but then turned and came back over his head. The appellee swung around fully to his right following the flight of the second bird as it traveled in a northerly direction, and as it crossed between the appellant and the appellee, the appellant threw up his hands and raised his gun. The bird was flying approximately twelve to fourteen feet above the ground at the point where it passed between the appellee and the appellant and the appellee did not look in the direction of the ground as he shot the bird since he was following its flight. Before the appellee fired at the bird, he did not look in the direction where he had left the appellant, and did not actually know where the appellant was when he fired. At the time the appellant was shot, he was standing at a point approximately three feet higher in elevation than the point where the appellee was standing. The appellee was hunting with a shotgun which he had hunted with regularly since 1959, and it was fixed as an open bore gun for the particular purpose of having the shot scatter in a wide pattern. The appellee was aware that the pellets coming from his gun would scatter in a wide circle, but that there would be patches of shot at different places in the circle, without the pellets scattering evenly in the complete circle. The appellee was well aware that the proper way to hunt birds was for each hunting partner to know where the other one was at all times. Both appellant and appellee were experienced huntsmen and knew that the proper way to hunt birds was to walk abreast, or parallel to each other, and they had been hunting this way for some time prior to the accident. At the time appellant was shot, he was approaching appellee from the rear but he did not give any signal or warning to appellee that he was coming up behind him.

Wantonness has been defined as the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. Graves v. Wildsmith, 278 Ala. 228, 177 So.2d 448, and cases there cited.

What constitutes wanton conduct depends upon the facts in each particular case. Lewis v. Zell, 279 Ala. 33, 181 So.2d 101.

Here, two experienced bird hunters had been hunting and proceeding properly, when appellant, unbeknown to appellee, dropped behind and then began approaching appellee from the rear. He made no outcry to notify appellee of his new position, and when the bird flushed in front of appellee and flew to the rear, appellee turned and fired in the direction from which he had been proceeding. He did not know that appellant was back of him and he did not see him. We cannot say that there is any inference from the evidence that appellant, with reckless indifference to the consequences, consciously and intentionally did a wrongful act or omitted some known duty, when he fired in a direction where appellant, or any experienced bird hunter, would not be without having given warning or notice that he was out of position. There was no proof that appellee had knowledge of appellant's position of peril at the time he

**44**

shot the bird, or that, under the circumstances, appellee committed a dangerous act. The trial court did not err in giving the affirmative charge with hypothesis as to the wanton count.

We add that the court had the advantage of one bit of evidence that is denied to us. The appellee demostrated how he flushed the bird, followed it with his gun and fired.

Having decided that the judgment should be affirmed on the merits, we do not discuss appellee's motion to affirm the judgment for various alleged irregularities in the filing of the transcript.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.