213 So.2d 222

**Jackie W. TUCKER**

v.

**Linda COX, pro ami.**

4 Div. 315.

Supreme Court of Alabama.

July 18, 1968.

Joe C. Cassady, Enterprise, for appellant.

G. A. Lindsey, Elba, for appellee.

MERRILL, Justice.

Appellee, a minor in the tenth grade, was a guest in an automobile that was involved in a collision at an intersection in Elba. She sued, by next friend, the drivers of both automobiles and recovered a judgment for $10,000. Jackie Tucker, the driver of the Volkswagen in which she was riding, made a motion for a new trial, which was overruled, and he appealed.

The single count in the complaint charged wantonness. When the case was called for trial, defendant Carol Snell Hargrove, the driver of a Falcon, the other car involved in the collision, did not appear and her attorney withdrew and there was no further appearance for her in the trial.

The three assignments of error charge that the court erred in (1) refusing to give the requested affirmative charge for appellant without hypothesis; (2) refusing to give the affirmative charge with hypothesis; and (3) refusing to grant the motion for a new trial.

The basis for requesting the affirmative charges was that there was no proof of wantonness.

■ Wantonness has been defined as the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. Barnes v. Haney, 280 Ala. 39, 189 So.2d 779; Graves v. Wildsmith, 278 Ala. 228, 177 So.2d 448, and cases there cited.

■ What constitutes wanton conduct depends upon the facts in each particular case. Barnes v. Haney, supra; Lewis v. Zell, 279 Ala. 33, 181 So.2d 101.

Other definitions of wantonness are stated in Wilhite v. Webb, 253 Ala. 606, 46 So.2d 414.

Some of the evidence is in conflict, but we are here interested only in that part of the evidence or the tendencies thereof from which the jury could have found wantonness.

The collision occurred at the intersection of North Smith Street and Highland Drive in Elba on a clear, cold night, December 4, 1965. North Smith Street runs north and south and Highland Drive runs east and west. From the intersection east, Highland Drive is two-laned with an 8 to 10 foot median separating the lanes. There were no traffic control lights or "Stop" signs at the intersection when the collision occurred.

■ Defendant Hargrove was driving her Falcon south along North Smith Street, had entered the intersection, crossed the north lane of Highland Drive, passed the median and was in the south lane of Highland Drive when her Falcon was struck on the right front side by the Volkswagen, driven by Tucker, as he was going east along Highland Drive. From the point of impact, Tucker's Volkswagen made a 90 degree turn and traveled south 51 feet and the Falcon traveled 41 feet east up a 3 to 5 foot embankment. The only obstruction to view at the intersection was the office building of Dr. Cooper at the northwest corner of the intersection. Appellant Tucker lived in Elba, he knew that the hospital was located near the intersection, that it was a residential area and that at this time of night, there would usually be a lot of traffic around that intersection; he expressed it "More than at most intersections. * * * Other than downtown." The speed of his car was variously estimated by witnesses as being

from 25 to 40 miles per hour. Therefore, the jury could conclude that he was driving through this usually heavily traveled intersection, unmarked by traffic signs, and with his view of oncoming traffic from the left partially obscured by the doctor's office, at a speed quite in excess of the 15 miles an hour when approaching within 50 feet and in traversing an intersection of highways when the driver's view is obstructed. Tit. 36, § 5(b), Code 1940.

The trial court heard the evidence, charged the jury as to wantonness and overruled the motion for a new trial, which again raised the question as to the sufficiency of evidence of wantonness. we cannot say that the trial court erred in refusing to give the requested affirmative charges.

The third assignment of error is that the court erred in overruling the motion for a new trial. Such an assignment justifies consideration of any ground of the motion stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling, if the clear and specific ground is argued in brief. Cooper v. State, 274 Ala. 683, 151 So.2d 399; Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857.

The statement in appellant's brief that "It is submitted that under the facts, circumstances and evidence in this case that each and every ground in said motion was such that would warrant a new trial and the same should have been granted," does not constitute sufficient argument in brief to cause us to consider any ground of the motion. We consider only those grounds of the motion argued by appellant in his brief. Thrasher v. Darnell, 275 Ala. 570, 156 So.2d 922.

But one of the grounds of the motion is that the verdict was excessive, and this ground is argued. Appellant states in brief, as part of his argument, "As to excessiveness, it is apparent from the reading of the record that the jury certainly could not have considered punitive damages in this case, therefore, it is just as apparent that the compensatory damages awarded are grossly excessive." We assume that this statement was made in the hope that we would have held that there was no evidence of wantonness. Even if the compensatory damages awarded were excessive, which we neither concede nor decide because we have no way of knowing what decision may have been made in the minds of the jury, still there was the matter of punitive damages before the jury. We quote the following excerpt from the trial court's charge:

"* * * But in addition to that you may also add punitive damage, and that is this. Punitive damages are awarded in the proper cases at the discretion of a jury not because the injured party is entitled to them as a matter of right but as punishment to the defendant as retribution for the act resulting in the injury and as an example to others to deter them from such wrong doing. So, if this Plaintiff is entitled to recover she would be entitled to recover what her damage is, actual damage, and you may also at your discretion—it is not mandatory—but at your discretion, at whatever amount you agree on to that amount of compensatory, you may add punitive damage and you do that to deter others from doing this. * * *".

This verdict evidently included punitive damages and we have concluded that it is not excessive. The appellee proved hospitalization for back injuries and it was shown that she had not been able to take the physical education course in high school since the accident, and that she had taken it prior thereto.

No action of the trial court, complained of in brief, amounts to reversible error.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.