EDWARD N. SCRUGGS, Retired Circuit Judge.
This automobile accident personal injury case was recently transferred to this court by the Supreme Court.
The plaintiff, Mrs. Anderson, sought damages from the defendant for the plaintiff’s personal injuries which proximately resulted from the defendant’s negligence or waritonness in causing or allowing her truck to strike the plaintiff. A jury trial ensued. The trial court charged the jury as to the law of negligence but not as to wantonness. The jury returned a verdict for the plaintiff for $2,500, and the circuit court entered a final judgment pursuant to the jury’s verdict.
The sole issue for our decision is whether the trial court erred in not submitting the case to the jury upon the theory of wantonness. We limit our summary of the evidence to that issue. After a review and study of the entire record, the following is pertinently revealed.
*1338 Between the National Guard Armory-building in Athens and one of its parking lots, one strand of chain is strung between approximately two-foot high pipe posts. The chain and posts are situated in a grass area apparently between one and two feet from the paved parking area. The chain and building are parallel to each other and photographs indicate that they are about ten feet apart. A small ditch is situated immediately inside of the chain.
On September 7, 1983, the plaintiff was walking parallel to' the building in a southerly direction about mid-way between the chain and the building, in front of parking spaces in the parking lot, when she was struck on her right leg by the left front tip of the bumper of the defendant’s 1966 pickup truck, which was traveling in a westerly direction.
The defendant had experienced no prior trouble with the brakes to her truck. The brake linings had been replaced in the truck in 1980, at which time the master cylinder and brakes were checked. The defendant added brake fluid on an infrequent basis as needed, but the brake fluid was not low on the date of the accident.
The defendant experienced no brake difficulties when driving to the armory on September 7, but, when she attempted to park in a parking space, she pushed the brake pedal to stop and it went to the floorboard. She then placed the transmission in reverse and backed out of the parking space a “little,” but the brakes failed again. When it appeared to her that she would back into parked vehicles, she shifted the transmission into drive and again re-entered the parking space. Her brakes once more failed to function; the truck would not stop and she hit the last metal post in front of that parking space, went into the ditch and struck the plaintiff. The plaintiff, who had almost walked past that parking space, was not aware that she was in any danger until the truck was an arm’s length from her. The defendant first saw the plaintiff when the defendant started down the ditch bank, which was just “a second or two” before she struck the plaintiff. The defendant stated that the brake pedal was still on the floorboard when she got out of the truck. When the police examined the truck, the brake pedal was up and the brakes held for them. The defendant did not think of using her parking brake and did not sound her horn nor swerve the truck to her right after seeing the plaintiff. The defendant testified that the plaintiff did nothing to contribute to the accident, that she was simply walking.
Mr. Nixon, the defendant’s brother, testified that he performed most of the mechanical repairs to the defendant’s truck. He checked the truck brakes after the accident and they failed to stop the truck due to a defective master brake cylinder, which he replaced. Thereafter, the brakes performed in an excellent manner.
The plaintiff argues that four items of evidence constituted at least a scintilla of evidence that the defendant was guilty of wantonness. Those matters were that the defendant did not keep a reasonable lookout for people who might have been in the pathway of her truck, that the defendant did not swerve to the right in an effort to miss the plaintiff, that the defendant did not sound her horn, and that she did not attempt to use the parking brake in an effort to stop the truck.
All of the various definitions of wantonness which are quoted by the plaintiff are set forth in one of her cited cases as follows:
“ ‘Wantonness’ is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666; Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97; Tucker v. Cox, 282 Ala. 489, 213 So.2d 222; Culpepper & Stone Plumbing & Heating Co. v. Turner, 276 Ala. 359, 365, 162 So.2d 455. Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions *1339 of danger and in violation of law brings on the disaster. Lewis v. Zell, 279 Ala.33, 181 So.2d 101; Graves v. Wildsmith, 278 Ala. 228,177 So.2d 448. Wantonness may arise after discovery of actual peril by conscious failure to use preventive means at hand. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13.”
Kilcrease v. Harris, 288 Ala. 245, 251, 259 So.2d 797, 801 (1972).
We do not find that the defendant consciously did something or failed to do anything being conscious that injury would probably result. There was no evidence of any conscious disregard of known conditions of danger or that the defendant consciously failed to use preventive means at hand. In short, we are in total agreement with the holding of the trial court that the evidence was inadequate to authorize the submission of the wantonness issue to the jury. Accordingly, we affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.