562 So.2d 192 (1990)
Wilson RYALS, Jr., as administrator of the estate of David Ryals, deceased
v.
UNITED STATES STEEL CORPORATION.
88-1352.
Supreme Court of Alabama.
February 23, 1990.
Rehearing Denied May 4, 1990.
*193 Leila Hirayama and David L. Smith III, Birmingham, for appellant.
Robert D. Hunter and J. Franklin Ozment of Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.
JONES, Justice.
Wilson Ryals, Jr., as administrator of the estate of his brother, David Ryals, appeals from a summary judgment in favor of the defendant, United States Steel Corporation ("U.S. Steel"). The plaintiff alleged that the defendant caused the decedent's death by negligently or wantonly failing to maintain and secure a "switch rack."[1] Ryals later voluntarily dismissed the negligence claim, and the trial court entered summary judgment in favor of U.S. Steel on the wantonness claim.
Because this Court, by this opinion, recognizes two distinct classes of trespassers to land(1) mere trespassers, to whom the landowner owes the duty not to wantonly injure them; and (2) trespassers who enter upon the land of another with the manifest intent to commit a criminal act and to whom the landowner owes only the duty not to intentionally injure themwe affirm the judgment.
On March 31, 1984, Wilson and David Ryals, as trespassers, went to U.S. Steel's Muscoda Mines switch rack for the purpose of "stripping out" copper, brass, and other salvageable metals. Wilson Ryals testified at his deposition that, when they arrived at the site, they found the base of the structure to be partially stripped; that they found one rusty warning sign, detached metals lying on the ground, dangling wires, garbage in and around the fenced area and wild vegetation growing around the fence; and that they found the gate leading into the switch rack to be "wide open." David Ryals contacted a 44,000-volt copper line; he suffered third degree burns over 95% of his body and died several days later as a result.
The only issue presented here is whether U.S. Steel was entitled to a summary judgment under the appropriate standard of care owed by U.S. Steel to David Ryals, as a trespasser, who, at the time of his injury, was engaged in the crime of theft of U.S. Steel's property. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for granting summary judgment. That rule requires the trial court to determine 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law.
Necessarily antecedent to any evaluation of the facts, however, is a determination of the legal duty owed by a landowner to a trespasser. David Ryals was, without question, a trespasser. The standard of care that a landowner owes to a trespasser is generally recognized as the lowest standard of care owed to one who enters upon *194 another's land.[2] The landowner is bound only to refrain from reckless, willful, or wanton conduct toward the trespasser. Copeland v. Pike Liberal Arts School, 553 So.2d 100 (Ala.1989).
It is noteworthy that the highest degree of care imposed upon a landowner by this traditional common law rule toward a mere trespasser, i.e., one who wrongfully comes upon the land of another but without any motive, design, or intent to engage in further wrongful conduct, is not to recklessly or wantonly injure that person. Ryals does not contend otherwise; rather, he argues that the facts, when construed most favorably to him, support a finding of wantonness on the part of U.S. Steel, and, thus, that summary judgment was inappropriate. Admittedly, if all trespassers are to be treated equally, and if we agree that the conduct of U.S. Steel amounted to wantonness, then the summary judgment is due to be reversed.
"Wantonness" has been defined by this Court as follows:
"[Wantonness is] the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666; Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97; Tucker v. Cox, 282 Ala. 489, 213 So.2d 222, Culpepper & Stone Plumbing & Heating Co. v. Turner, 276 Ala. 359, 162 So.2d 455. Wantonness may arise [when one has] knowledge that persons, though not seen, are likely to be in a position of danger, and[,] with conscious disregard of known conditions of danger and in violation of law[,] brings on the disaster. Lewis v. Zell, 279 Ala. 33, 181 So.2d 101; Graves v. Wildsmith, 278 Ala. 228, 177 So.2d 448. Wantonness may arise after discovery of actual peril, by conscious failure to use preventive means at hand. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13. Knowledge need not be shown by direct proof, but may be shown by adducing facts from which knowledge is a legitimate inference. Britton v. Doehring, supra; Lewis v. Zell, supra."
Kilcrease v. Harris, 288 Ala. 245, 251-52, 259 So.2d 797, 801-02 (1972). See, also, Copeland v. Pike Liberal Arts School, supra.
Ryals contends that a genuine issue of material fact was presented on the question whether U.S. Steel wantonly caused the death of David Ryals. Ryals bases his wantonness argument primarily on his claim that when he and his brother arrived at the site they found it in the condition hereinabove set out. He also points out that agents of U.S. Steel acknowledged in deposition and in answers to interrogatories that there had been two prior deaths at the same switch rack under similar circumstances. He maintains, in light of those alleged and admitted facts, that the factfinder could reasonably infer that U.S. Steel had actual or constructive notice that persons might come into contact with the electrical lines at the switch rack.
We agree; if reckless or wanton conduct is the appropriate standard of care applicable to these facts, then a jury question has been presented as to U.S. Steel's conduct. We believe, however, that these facts strongly demonstrate a public policy justification for lowering the requisite degree of care due from a landowner to one who, as here, wrongfully enters upon the land of another to commit a crime. For public policy reasons, therefore, we hold that the duty owed by a landowner to an adult trespasser who comes upon the land and is injured while committing a crime is the duty not to intentionally injure such trespasser.[3]
*195 Applying this standard to the full context of the instant case, we conclude that a fact question was not presented on the issue whether U.S. Steel intentionally caused the death of David Ryals. The switch rack was surrounded by a chain link fence topped with barbed wire. On the fence surrounding the switch rack there was at least one sign warning of the electrical danger within. Given these conspicuous indications of danger, an unlocked gate would not imperil a person unless that person elected to disregard the obvious danger presented by the electricity. In summary, the evidence, as a matter of law, fails to suggest that U.S. Steel breached its duty not to intentionally injure David Ryals, who undisputedly, at the time of his injury, was an adult illegally upon U.S. Steel's property for the purpose of stealing copper wire. (Compare, however, Fletcher v. Hale, 548 So.2d 135 (Ala.1989), holding summary judgment improper where a 10-year-old trespasser was drowned in a swimming pool.)
Accordingly, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, ALMON, SHORES and ADAMS, JJ., concur in the result.
MADDOX, Justice (concurring in the result).
I agree that a landowner should not be liable to "trespassers who enter upon the land of another with the manifest intent to commit a criminal act and to whom the landowner owes only the duty not to intentionally injure," but I would also emphasize that this case deals with a landowner's liability to a trespassing adult.
The duty owed a trespasser depends on several factors, including the nature of the use of the land, the condition of the land, and in the some instances, the age of the trespasser.
I think the rule adopted is a good rule, but I am afraid it could cause confusion. What if, for example, the plaintiff had entered on the land to hunt, and the land was posted, and he was injured in the same manner? Would the same result obtain? Because I am unsure of the ultimate ramifications of the rule, I concur only in the result.
NOTES
[1] A "switch rack" is somewhat similar in function and appearance to an electrical substation.
[2] Broadly speaking, the three classes of entrants onto land are trespassers, licensees, and invitees.
[3] We hasten to add a word of caution: the Court's imposition of a duty upon a land owner not to intentionally injure a trespasser, as set forth in the body of the opinion, is not to be understood as changing or modifying the rule that imposes no duty upon a landowner (or other lawful occupier) to a trespasser who enters or attempts to enter an occupied dwelling for the purpose of committing a crime or who inflicts or attempts to inflict bodily harm to another person who is lawfully upon the property. See, e.g. Bennett v. Dunn, 507 So.2d 451 (Ala.1987).